■ In the Matter of the Claim of TOBIN DOCKUM, Appellant, v SYROCO, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 759] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed August 28, 1997, which ruled that claimant did not suffer a compensable injury and denied workers' compensation benefits.

On July 29, 1994 claimant, an electrician, was instructed by his supervisor, John Perry, to diagram an electrical panel that claimant originally had built and installed. Later that day, Perry discovered that claimant had physically altered the panel and advised claimant to reassemble the panel as it needed to be operational by the end of the workday. When Perry next checked on claimant's progress, he discovered that claimant had performed additional work on the panel, whereupon Perry summoned his supervisor, Michael Bessette. After discussing the matter with claimant who, Bessette testified, admitted that he had been instructed "not to go in the panel", Bessette informed claimant that he was suspended pending discharge and escorted claimant from the employer's premises. Following this incident, claimant drove to his residence and, shortly thereafter, attempted to commit suicide by hanging himself from a tree in his backyard. Claimant, who was found by his family within minutes, was brought to a local hospital where he was successfully resuscitated.

Thereafter, in August 1994, claimant filed the instant claim for workers' compensation benefits based upon the injuries he allegedly sustained as a result of his suicide attempt. A

Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision in favor of claimant in September 1995, finding that accident, notice and causal relationship had been established for depression and injuries to claimant's neck and heart. The employer applied for review by the Workers' Compensation Board asserting, *inter alia*, that such claim was barred by Workers' Compensation Law § 2 (7). Upon review, a Board panel modified the WCLJ's decision insofar as it related to claimant's alleged heart condition but otherwise affirmed. In so doing, the Board panel found that the employer's decision to discharge claimant was made in bad faith and, accordingly, Workers' Compensation Law § 2 (7) did not bar the underlying claim. Full Board review was subsequently granted, whereupon the Board panel's decision was rescinded and the matter was remitted for further consideration. Thereafter, by decision filed August 28, 1997, the Board panel reversed the WCLJ's decision, finding that claimant's discharge was the product of a valid personnel decision undertaken in good faith by the employer and, hence, the underlying claim indeed was barred by Workers' Compensation Law § 2 (7). This appeal by claimant ensued.

Workers' Compensation Law § 2 (7) provides as follows: " 'Injury' and 'personal injury' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom. The terms 'injury' and 'personal injury' shall not include an injury which is solely mental and is based on workrelated stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer." The crux of claimant's argument on appeal is that because he sustained certain physical complications as a result of his suicide attempt, the "injury" for which he seeks compensation is not "solely mental" and, accordingly, his claim is not barred by Workers' Compensation Law § 2 (7). We cannot agree.

Preliminarily, we note that the testimony offered by Perry and Bessette is sufficient to sustain the Board's finding that claimant, who had received three prior disciplinary warnings between September 1993 and January 1994, failed to follow his supervisors' instructions regarding the diagraming of the electrical panel. Under such circumstances, we cannot say that the Board erred in concluding that claimant's discharge was the product of a lawful personnel decision undertaken in good faith.

As for claimant's assertion that the injury for which he seeks compensation is not "solely mental", the psychiatric testimony contained in the record makes clear that claimant's suicide attempt was due to his termination from employment in July 1994, and the mere fact that certain physical consequences resulted from such suicide attempt does not enable claimant to avoid the bar to compensation imposed by Workers' Compensation Law § 2 (7). In other words, if the suicide attempt itself is not compensable under Workers' Compensation Law § 2 (7)—and clearly it is not (*compare, Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912; *Matter of Friedman v NBC Inc.*, 178 AD2d 774)—it necessarily follows that the physical complications that resulted therefrom cannot be compensable either (*see*, Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 2, at 23). Claimant's remaining contentions, including his assertion that Workers' Compensation Law § 2 (7) is unconstitutional, are either not preserved for our review or lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.