OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 On October 30, 1994, while working as the manager of an A & P supermarket in Goldens Bridge, New York, claimant experienced severe trembling, profuse sweating, palpitations and numbness in his left arm. Fearing a heart attack, claimant went to a nearby hospital, where he was diagnosed with panic
 
 *379
 
 disorder. He remained hospitalized for five days, and did not return to work for several months. The issue on this appeal is whether claimant is precluded from receiving workers’ compensation benefits on the ground that his mental injury, caused by work-related stress, was a direct consequence of personnel decisions taken in good faith by his employer (see, Workers’ Compensation Law § 2 [7]). Because no A & P personnel decision targeted claimant directly, we hold that section 2 (7) does not bar him from receiving benefits.
 

 Prior to his hospitalization, claimant had been employed by A & P for 25 years and had managed the Goldens Bridge store for approximately two years. According to his testimony before a Workers’ Compensation Law Judge, his panic disorder resulted from stress caused by changes in his working conditions during the preceding months. In June and July 1994, A & P replaced two seasoned co-managers with two inexperienced individuals, and shortly thereafter reassigned the store’s night crew to the day shift. The night crew had cleaned the store and re-stocked the shelves at a time when there were few customers. After reassignment, their work had to be completed during the day, creating pressure to unload trucks, re-stock shelves and clean the store quickly.
 

 Shortly after these changes were implemented, claimant began to work longer hours in order to maintain the store properly, frequently working seven days and in excess of 70 hours per week. He lost 35 pounds and had difficulty sleeping. Finally, on October 30, 1994, he went to the hospital with the symptoms described above. During claimant’s absence from work, both replacement co-managers were fired for incompetence and the night crew was reinstated.
 

 Claimant sought workers’ compensation benefits, which A & P opposed. Following claimant’s testimony, a Workers’ Compensation Law Judge disallowed the claim on the ground that claimant had failed to make out a prima facie case of compensable injury under Workers’ Compensation Law § 2 (7). On administrative appeal, the Workers’ Compensation Board Panel initially affirmed, but subsequently the full Board rescinded the decision and referred the case to the Panel for further consideration. In an amended decision, the Panel reversed, ruling that the exclusionary language of Workers’ Compensation Law § 2 (7) did not preclude the claim. The Appellate Division affirmed, as do we.
 

 For purposes of the Workers’ Compensation Law, a mental injury is generally compensable to the same extent as a physi
 
 *380
 
 cal injury
 
 (see, Wolfe v Sibley, Lindsay & Curr Co.,
 
 36 NY2d
 
 505,
 
 510). In 1990, however, the Legislature made a number of changes to workers’ compensation, including amending Workers’ Compensation Law § 2 (7) to exclude claims for solely mental injuries that are based on work-related stress and “a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer” (L 1990, ch 924, § 1). Because there is no dispute that claimant’s injury was solely mental and based on work-related stress, the only question for this Court to resolve is whether the injury was a direct consequence of one of the enumerated personnel decisions. We conclude that it was not.
 

 A & P argues that section 2 (7) precludes recovery because the replacement of claimant’s co-managers and elimination of the night crew were lawful job transfers made in good faith. This argument is unavailing, however, as claimant’s injury was not a
 
 direct
 
 consequence of these personnel decisions. The Legislature’s use of the phrase “direct consequence” makes clear that the exclusionary language of section 2 (7) applies only when the personnel decision at issue is aimed at the claimant
 
 (see, e.g., Dockum v Syroco, Inc.,
 
 260 AD2d 688,
 
 Iv denied
 
 93 NY2d 811 [claimant who suffered injuries from attempted suicide after he was fired barred from recovery by section 2 (7)]; Minkowitz, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 2, 1999-2000 Interim Pocket Part, at 6 [“an employer may engage in lawful, good faith personnel action against an employee even though
 
 the employee
 
 may be injured by the stress of such action since a mental stress claim is not compensable when caused by such lawful action by the employer”] [emphasis added]). Here, claimant himself was not the subject of a “personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination” (Workers’ Compensation Law § 2 [7]). Indeed, he was not the subject of any personnel decision at all. Although the personnel decisions made by A & P regarding the store’s co-managers and night crew contributed to claimant’s injury, they did so only indirectly, by forcing claimant to work longer hours, take on more responsibility and manage a store that was not performing well.
 

 Finally, although upper management criticized claimant during a number of store visits for not adequately handling the challenges presented by the changed work environment, there
 
 *381
 
 is an affirmed finding with support in the record “that claimant’s psychiatric condition was caused by ongoing job-related stress and not by a personnel decision which altered or threatened his job status” (257 AD2d 912).
 

 Accordingly, the decision appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Decision appealed from and order of the Appellate Division brought up for review affirmed, with costs.