■ In the Matter of the Claim of KATHY KEANE, Respondent, v NEW YORK STATE ELECTRIC & GAS COMPANY et al., Ap-

pellants. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 726] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 7, 1999, which ruled that claimant sustained a causally related psychic injury due to excessive work stress and awarded workers' compensation benefits.

During a November 29, 1993 meeting with her supervisor, claimant became ill, sought medical treatment and has not returned to work. She filed a claim for workers' compensation benefits, alleging that she sustained a psychic injury with physical symptoms as a result of her supervisor's continued harassment. Contending that claimant's psychic injury was the result of a lawful good-faith personnel decision and/or work evaluation which, pursuant to Workers' Compensation Law § 2 (7), is excluded as a compensable injury, the employer contested the claim. The Workers' Compensation Board found that claimant sustained a causally related psychic injury due to excessive work stress and awarded workers' compensation benefits. The employer and its workers' compensation insurance carrier appeal.

There is undisputed medical evidence of claimant's work-related psychic injury. Notwithstanding the employer's claim that the injury occurred during the November 29, 1993 meeting which concerned claimant's work performance, there is ample evidence in the record, including claimant's testimony regarding the additional work she was given and her supervisor's continued harassment, to support the Board's finding that the injury was caused by ongoing work-related stress (*see, Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912, *affd* 94 NY2d 377). The employer contends that testimony presented by claimant regarding ongoing stress was a "subterfuge" designed to avoid the statutory exclusion, but the Board "is the sole and final arbiter of whether the testimony of a particular witness is worthy of belief" (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675).

Inasmuch as there is substantial evidence to support the Board's finding that claimant's psychic injury was caused by ongoing excessive work-related stress, the Board's alleged misapprehension of the employer's collateral argument concerning evidence that claimant had prior psychiatric problems is irrelevant. With regard to the employer's final argument that there was no accident within the meaning of the Workers' Compensation Law, "a mental injury need not be caused by a discrete, identifiable psychic trauma, but can result from emotional stress extending over a period of months" (*Matter of Velazquez*

*v Triborough Bridge & Tunnel Auth.*, 156 AD2d 922, 923), provided that "the stress must be greater than that which usually occurs in the normal work environment" (*Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635). The question of whether claimant experienced greater than normal work-related stress was a factual one which the Board clearly resolved in claimant's favor by its finding of excessive work stress (*see, Matter of Marillo v Cantalician Ctr. for Learning*, 263 AD2d 719), a finding which is supported by substantial evidence and, therefore, cannot be disturbed (*see, id.*).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.