■ In the Matter of the Claim of MOHAMED S. ABDALLAH, Respondent, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [719 NYS2d 198] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 1999, as amended by decision filed May 5, 2000, which ruled that claimant sustained an accident and made an award of workers' compensation benefits.

Claimant was awarded workers' compensation benefits for an anxiety disorder, mixed spectrum, resulting from being subjected to a continuing course of harassment at his place of employment. The New York City Department of Transportation (hereinafter the employer) appeals, arguing that the testimony was insufficient to establish an accident and that claimant failed to offer credible medical testimony that his psychic condition was causally related to a specific work-related accident.

Claimant testified that while conducting a routine audit in

1988 he reported what he determined to be evidence of corruption to his supervisors. Claimant alleges that for the next six years he was subjected to a course of retaliatory harassment from his supervisors and co-workers because of his "whistle blowing" activities, which activities continued until January 7, 1994 when he submitted his last auditing report about corruption. Claimant further testified to a number of specific incidences of harassment including his transfer to the night shift in April 1994 "for security reasons" to do accounting, although no other accountants worked the night shift. Within the first week of his transfer to the night shift, claimant found that he could not move his left arm and left leg and had problems with his chest, head and neck. Claimant left work to seek medical treatment and soon thereafter was referred to a psychiatrist for treatment. Claimant's psychiatric treatment for work-related stress is ongoing and his disabling psychic injury prevents him from returning to work.

The Workers' Compensation Board considered that the harassment testified to by claimant, which was uncontroverted, amounted to "unusual environmental conditions or events assignable to something extraordinary which caused an accidental injury" (*Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev.*, 84 NY2d 129, 138). The Board also accepted the medical testimony of claimant's expert that claimant's psychic disability was causally related to his accidental injury, rejecting the testimony of the employer's psychiatrist that claimant's psychic disability was caused by the unrelated inherited disease of paranoid schizophrenia.

The determination by the Board that claimant suffered an accidental injury due to excessive work-related stress is a factual one (*see, Matter of Snyder v New York State Commn. for Human Rights*, 31 NY2d 284, 286) and will not be disturbed if supported by substantial evidence (*see, Matter of Keane v New York State Elec. & Gas Co.*, 272 AD2d 802, 803-804).

Claimant's undisputed testimony, combined with his expert medical proof that his psychic condition was caused by a work-related accidental injury, constitutes substantial evidence to support the Board's decision that claimant sustained a compensable, accidental injury, notwithstanding the conflicting medical testimony of the employer's expert (*see, Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912, *affd* 94 NY2d 377), since the weight to be given to these conflicting expert opinions rests within the discretion of the Board (*see, Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 692).

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.