■ In the Matter of the Claim of ERIC BRICKNER, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 523] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 31, 2000, which ruled that claimant suffered a work-related injury and awarded workers' compensation benefits.

In June 1996, claimant, who had worked for the employer since 1987, was promoted to a newly created position which resulted in claimant's assumption of additional duties, including increased managerial responsibility. He began to experience headaches, nausea and other physical symptoms in September 1996 and was ultimately diagnosed with a stress reaction causally related to his work. Claimant lost time from work as a result of the mental injury and filed a claim for workers' compensation benefits. Contending that the claim is barred by Workers' Compensation Law § 2 (7), the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal from the decision of the Workers' Compensation Board awarding benefits to claimant.

Initially, we agree with the employer's argument that the issue on this appeal involves statutory construction and is not, as the Board contends, limited to substantial evidence. The employer does not dispute the Board's finding that claimant's mental injury is causally related to stress experienced by claimant in his new position, stress which was greater than that experienced in the normal work environment. Rather, the employer contends that claimant's mental injury was a result of his promotion to the new position, which constituted a lawful personnel decision within the meaning of Workers' Compensation Law § 2 (7), and that, therefore, his claim is barred.

The statutory provision at issue excludes a claim for mental injury based on work-related stress if the injury is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]). Assuming that a personnel decision involving a promotion for which claimant volunteered falls within the meaning of the statute, we nevertheless reject the employer's argument that the statutory exclusion is applicable in this case. In *Matter of DePaoli v Great A & P Tea Co.* (94

NY2d 377), the Court of Appeals concluded that, as a result of the Legislature's use of the phrase "direct consequence," the statutory exclusion "applies only when the personnel decision at issue is aimed at the claimant" (*id.*, at 380). That does not mean, however, that where, as here, the personnel decision is aimed at a claimant who thereafter suffers a work-related mental injury, the "direct consequence" requirement has necessarily been met.

We note that claimant applied for the promotion and the record contains no medical evidence of any direct link between the promotion itself and claimant's mental injury. Nevertheless, the employer contends that the "direct consequence" requirement has been established because the stress that caused the mental injury arose out of the increased responsibilities that were a consequence of the promotion. In *Matter of DePaoli v Great A & P Tea Co.* (*supra*), the Court concluded that although personnel decisions (involving others, not claimant) which result in increased responsibilities may contribute to a claimant's mental injury based on stress, "they [do] so only indirectly" (*id.*, at 380). We see no reason to reach a different conclusion where, as here, the personnel decision involved claimant. Based upon the Board's factual finding, claimant's injury was a direct consequence of ongoing work-related stress and not the promotion (*compare, Matter of Keane v New York State Elec. & Gas Co.*, 272 AD2d 802, *with Matter of Grace v Bronx Mun. Hosp. Ctr.*, 272 AD2d 799). As in *Matter of DePaoli v Great A & P Tea Co.* (*supra*, at 380), the personnel decision herein contributed only indirectly by requiring claimant to take on the increased responsibilities that ultimately created the stress. Although this indirect contribution might be sufficient to meet either a "but for" or a "proximate cause" requirement for causation, Workers' Compensation Law § 2 (7) establishes a more limited "direct consequence" requirement. Accordingly, the statutory exclusion is inapplicable and, therefore, the Board did not err in applying the standard generally applicable in determining claims for mental injury based on work-related stress.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.