◼ In the Matter of the Claim of NORBERTO CHARLOTTEN, Appellant, v NEW YORK STATE POLICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 377] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 28, 2000, which ruled, *inter alia*, that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, who began his employment as a State Trooper in 1981, filed a claim for workers' compensation benefits in 1996 based upon mental injury sustained as the result of "multiple stressors on the job." The Workers' Compensation Board ultimately concluded that claimant's work-related stress did not rise to the level of a compensable accident and denied the claim. Claimant appeals.

In order to constitute a viable claim for mental injury premised on work-related stress, "the stress must be greater than that which usually occurs in the normal work environment" (*Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635; *see, Matter of Keane v New York State Elec. & Gas Co.*, 272 AD2d 802). Whether the stress experienced by claimant was more than that normally encountered in the work environment presented a factual issue for the Board to resolve (*see, Matter of Kaliski v Fairchild Republic Co.*, 151 AD2d 867, *affd* 76 NY2d 1002) and, if supported by substantial evidence, its resolution of that issue cannot be disturbed (*see, Matter of Marillo v Cantalician Ctr. for Learning*, 263 AD2d 719).

Claimant contends that he was subjected to prolonged and unusual stress as a result of his investigation of three gruesome traffic fatalities between 1983 and 1985, his perceptions of harassment and racial discrimination by his supervisors, job transfers in 1986 and 1992, rumored allegations of sexual harassment resulting in the 1992 job transfer and a final incident in 1996 where two other Troopers allegedly laughed at him during a routine traffic stop of their unmarked vehicle. In the absence of any evidence of discrimination or harassment by claimant's supervisors, the Board could rationally conclude that claimant's perceptions of same were unfounded. Further,

there is nothing in the record to demonstrate that the traffic fatalities or job transfers were anything other than what would normally be experienced by a State Trooper during a 15-year period, and the Board could rationally conclude that the final incident represented nothing more than the type of usual irritation to which all employees are occasionally exposed. As there is substantial evidence to support the Board's determination that claimant's work-related stress did not rise to the level of a compensable accident, the decision should be affirmed (*see, Matter of Block v Stroheim & Romann*, 203 AD2d 833, *lv denied* 84 NY2d 804).

Cardona, P. J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.