■ In the Matter of the Claim of LINZA H. FORD, Appellant, v UNITY HOUSE OF TROY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 482] —Appeal from a decision of the Workers' Compensation Board, filed March 5, 2001, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.

When claimant stopped working at his employer's domestic violence shelter, he filed various claims for workers' compensation benefits claiming mental injury with physical symptoms, such as hypertension and sleep disorder, caused by workplace stress. Claimant principally contended that he was being harassed by his supervisor and coworkers. After claimant, his former supervisor and several former coemployees testified, the parties agreed to defer medical testimony pending a decision by the Workers' Compensation Law Judge (hereinafter WCLJ) concerning the threshold "legal issue of an accident arising out

---

of and in the course of employment, and the defense of [Workers' Compensation Law § 2 (7)] based upon the record."* Subsequently, the WCLJ disallowed the claim as noncompensable based upon, inter alia, Workers' Compensation Law § 2 (7). The Workers' Compensation Board adopted the findings of fact and opinion of the WCLJ, however, it also concluded that "claimant offered no credible proof that any of the conditions of his job were unusual in nature such to constitute an accident under the Workers' Compensation Law," prompting this appeal by claimant.

Initially, we do not agree with the Board's decision to the extent that it is in accord with the WCLJ's finding that claimant's claims were barred pursuant to Workers' Compensation Law § 2 (7). The Court of Appeals has clearly stated that "the exclusionary language of section 2 (7) applies only when the personnel decision at issue is aimed at the claimant" (*Matter of DePaoli v Great A & P Tea Co.*, 94 NY2d 377, 380; *see, Matter of Brickner v New York State Dept. of Transp.*, 284 AD2d 829). Here, claimant's disputes with his supervisor over, for example, his work hours and whether his job description included the performance of certain maintenance duties are not the type of personnel decisions falling within the meaning of the statute.

Nevertheless, upon our review of the record, we agree with the Board's principal conclusion that claimant's proof was not sufficient to constitute a compensable claim for workplace stress. "In order to constitute a viable claim for mental injury premised on work-related stress, 'the stress must be greater than that which usually occurs in the normal work environment' * * *. Whether the stress experienced by claimant was more than that normally encountered in the work environment presented a factual issue for the Board to resolve * * * and, if supported by substantial evidence, its resolution of that issue cannot be disturbed * * *" (*Matter of Charlotten v New York State Police*, 286 AD2d 849, 849, quoting *Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635 [citations omitted]). In determining whether a witness is worthy of belief, we note that the Board is the final arbiter (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675). Our review of the

---

* Workers' Compensation Law § 2 (7) provides, in relevant part: "The terms 'injury' and 'personal injury' shall not include an injury which is solely mental and is based on workrelated stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer."

record, which was fully developed on the threshold issue of compensable accident, reveals substantial evidence to support the Board's finding that the stress encountered by claimant was no greater than that normally encountered in the work environment (*see, e.g., Matter of Spencer v Time Warner Cable,* 278 AD2d 622, 623, *lv denied* 96 NY2d 706).

Furthermore, we do not agree with claimant's contention that the Board erred in failing to allow him an opportunity to present medical testimony. Assuming, arguendo, that claimant's medical proof established work-related injuries, that fact would not alter the Board's dispositive conclusion that the stress experienced by claimant did not rise to the level of a compensable accident.

We have considered claimant's remaining arguments and find them unpersuasive under the circumstances.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.