In the Matter of the Claim of JOSEPH PECORA, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 653]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 4, 2003, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, employed in a waste water treatment plant by the Westchester County Department of Environmental Facilities (hereinafter employer) since 1981, filed a claim for workers' compensation benefits in January 1999 based upon psychological injury and illness, having ceased work on September 29, 1998. He reported being harassed by supervisors, which he

claimed had gone on for years and that the employer had failed to stop. A series of hearings were held between 1999 and 2002, during which time the Workers' Compensation Board initially affirmed the denial of benefits based upon the lack of prima facie evidence of a causal relationship between the disability and the employment and, thereafter, the case was reopened. Claimant's allegations were that after submitting photographs of sleeping workers to supervisors, his work environment changed and he was subjected to harassment by one of the shift supervisors, such as having a sewage spill purposefully left for days for his crew to clean, being denied assistance of coworkers, being cursed at and referred to as a "hero," and denial of overtime. Claimant had sought assistance in 1996 for panic attacks from the employer's assistance program and, in October 1998, began treatment with a psychiatrist, Paul Schefflein, who diagnosed depression and posttraumatic stress disorder. Schefflein opined that claimant's problems stemmed directly from the work-related harassment described by claimant and partially captured in tape recordings he made. The employer's consulting psychiatrist examined claimant several times, diagnosing a moderate depressive disorder with anxiety features, but could not ascribe a causal relationship to claimant's work. Also testifying at the hearing were the alleged harasser, who denied many of claimant's allegations, and the director of the treatment plant. Ultimately, by decision filed February 4, 2003, the Board ruled that claimant had not sustained a work-related accidental injury and denied benefits. Claimant appeals.

We affirm, finding substantial evidence in the record to support the Board's denial of this claim (see *Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1101 [2003]). It is settled law that " 'a claim for work-related stress cannot be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment' " (*id.* at 1102, quoting *Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]). Here, the Board expressly credited the testimony of the alleged harasser and the plant director in concluding that claimant's work-related difficulties resulted from a "personality clash" between that employee and claimant which the employer attempted to rectify by placing them on different shifts in the early 1990s and, later, offering claimant a transfer, which he rejected. Claimant's allegations of subsequent harassment were, as found by the Board, either "proven to be unsubstantiated" or "do not rise to a level greater than that which occurs in a normal work environment in this line of work." To the extent that the Board discredited

portions of claimant's account or perception of the events leading to his psychological problems, it is firmly established that the Board is the arbiter of credibility determinations to which this Court will accord deference where, as here, no irrationality is evident (*see Matter of Baker v Orange Heating & Cooling*, 9 AD3d 517, 518 [2004]; *Matter of Ford v Unity House of Troy*, 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]). With regard to the Board's factual determination that the stresses actually experienced by claimant at work—such as one incident of name calling, sarcastic references and leaving additional work for claimant's crew—were of the nature normally encountered in this work and did not rise to the level of a compensable accident, it is supported by substantial evidence and will not be disturbed (*see Matter of Charlotten v New York State Police*, 286 AD2d 849, 849-850 [2001]; *Matter of Hernandez v Domino Sugar Corp.*, 245 AD2d 680, 681 [1997]).

Finally, we cannot agree with claimant's contention that Schefflein's testimony, finding a causal relationship between his psychological injuries and his work-related stress, constituted uncontradicted substantial evidence in support of his claim, which the Board was not free to reject (*cf. Matter of Loftus v New York News*, 279 AD2d 657, 659 [2001]). Schefflein's opinion in that regard relied to a considerable degree upon the supposition that claimant's description of events was accurate, a factual issue which the Board was entitled to resolve. Moreover, even if claimant had proven a causal relationship, the dispositive factual determination was that claimant had not sustained a compensable accidental injury (*see Matter of Leggio v Suffolk County Police Dept.*, 96 NY2d 846, 847 [2001]; *Matter of Bottieri v Travelers Ins., supra* at 1102; *see also* Workers' Compensation Law § 2 [7]). Thus, notwithstanding the presence of substantial evidence to support a contrary result, the Board's determination is supported by substantial evidence and must be affirmed (*see Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 691 [1999]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.