■ In the Matter of the Claim of MARGUERITE CLARK, Appellant, v OSWEGO COUNTY SELF INSURANCE PLAN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 258]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 2003, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

After an incident in February 2002 in which claimant's office manager was angry and used profanities while yelling at people in the office, claimant filed a claim for workers' compensation benefits, alleging that she had suffered mental stress and anxiety as a result of the outburst. After several hearings, a Workers' Compensation Law Judge found the claim to be compensable and awarded her workers' compensation benefits. The Workers' Compensation Board reversed this decision, however, finding that claimant had not been exposed to undue job-related stress and, thus, had not sustained an accidental injury during the course of her employment. This appeal ensued.

''In order to constitute a viable claim for mental injury premised on work-related stress, 'the stress must be greater than that which usually occurs in the normal work environ-

ment' " (*Matter of Charlotten v New York State Police*, 286 AD2d 849, 849 [2001], quoting *Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635 [1996] [citation omitted]). Upon our review of the record, we find substantial evidence to support the Board's finding that claimant did not experience greater stress than that normally encountered in a work environment (*see Matter of Ford v Unity House of Troy*, 292 AD2d 717, 718-719 [2002], *lv denied* 98 NY2d 610 [2002]). Claimant's testimony established that the office manager's outburst was an isolated event, that he had not been physically threatening and that he had not actually directed his tirade at her but, rather, at another coworker. The testimony of claimant's coworker and the office manager himself corroborated claimant's interpretation of the event. The office manager acknowledged that his behavior that day had been inappropriate and that he had apologized to claimant afterward. It was also established that arguments between coworkers in the office in which voices were raised and profanities used were not unusual and that claimant had been involved in such arguments in the past. Accordingly, we find that the Board's determination that the stress that claimant suffered on the day in question did not rise to the level of a compensable claim is supported by substantial evidence (*see Matter of Pecora v County of Westchester*, 13 AD3d 916, 917 [2004]; *Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1102 [2003]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.