■ In the Matter of the Claim of OSWALDO PINTO, Appellant, v SOUTHPORT CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [798 NYS2d 750]—

Spain, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed March 17, 2004 and September 15, 2004, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a teacher working directly with inmates at the "maxi-maximum" security Southport Correctional Facility in Chemung County, was taken to the hospital by ambulance from the facility on October 25, 2001 after suffering severe head pains and disorientation while at work. He filed a claim for workers' compensation benefits for depression, headaches and memory loss which he attributed to work-related stress. He has no memory of what occurred on the date of injury, and was not able to return to work. Claimant's treating psychiatrist offered the unrefuted opinion that his psychiatric illness was causally related to and triggered by work-related stress. Following hearings, the Workers' Compensation Law Judge disallowed the claim. The Workers' Compensation Board affirmed, in an amended decision, determining that the claim must be denied as the presumption contained in Workers' Compensation Law § 21 (1) had been rebutted, that the claim for mental injuries was barred by Workers' Compensation Law § 2 (7), and because the stress that claimant experienced was not greater than that usually encountered in this work environment or the result of retaliatory action by the employer. Claimant now appeals, and we affirm.

To be compensable under the Workers' Compensation Law, an accidental injury must have arisen both "out of" and "in the course of" employment (Workers' Compensation Law § 2 [7]; *see Matter of Wichtendahl v Arrow Bus Line*, 307 AD2d 400, 401 [2003]). Unexplained or unwitnessed accidents which occur in the course of employment, as here, are presumed to arise out of such employment under Workers' Compensation Law § 21 (1) (*see Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003]). This presumption, however, may be rebutted by submission of "substantial evidence to the contrary" (Workers' Compensation Law § 21; *see Matter of Rosen v First Manhattan Bank*, 84 NY2d 856, 857 [1994]; *Matter of Turner v F.J.C. Sec. Servs.*, 306 AD2d 649, 649-650 [2003]; *Matter of Keevins v Farmingdale UFSD*, 304 AD2d 1013, 1014 [2003]; *Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 823 [2000],

*lv denied* 95 NY2d 768 [2000]).* Upon review, we find that the testimony and evidence support the Board's denial of this claim.

Here, the claim is premised upon claimant's testimony that the employer shifted his work schedule by one-half hour, added certain job-related duties such as requiring follow-up visits with student inmates and cleanliness inspections, searched the teachers' cell study office after impermissible items were observed, and reprimanded another teacher for missing a training session. To the extent that the Board found that the underlying claim is barred by Workers' Compensation Law § 2 (7), we cannot agree, as there was no proof that claimant was subject to any "personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination," as required to trigger that exclusion (Workers' Compensation Law § 2 [7]; *see Matter of DePaoli v Great A & P Tea Co.*, 94 NY2d 377, 380 [2000]). None of the enumerated personnel decisions is involved in this claim (*see Matter of Ford v Unity House of Troy*, 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]), and the indirect deleterious effects to claimant attributable to another teacher being disciplined do not trigger that exclusion (*see Matter of DePaoli v Great A & P Tea Co., supra* at 380). Also, the record establishes that claimant's symptoms were longstanding, predating these work-related changes and, thus, it cannot be said that his symptoms were the "direct consequence" of any personnel decision so as to trigger this exclusion (Workers' Compensation Law § 2 [7]; *see Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1101 [2003]).

We are, nonetheless, convinced that the Board's alternate basis for the denial of the underlying claim, on the merits, is supported by substantial evidence. While "a mental injury is generally compensable to the same extent as a physical injury" (*Matter of DePaoli v Great A & P Tea Co., supra* at 379-380), "a claim for work-related stress cannot be sustained absent a show-

---

* We note that rebuttal of the presumption contained in Workers' Compensation Law § 21 (1) does not require irrefutable proof excluding all other conclusions other than that offered by the employer that the accidental injury was not work related. This Court must affirm the Board's ultimate determination as long as it is supported by substantial evidence, notwithstanding the presence of substantial evidence to support the opposite result (*see Matter of Pecora v County of Westchester*, 13 AD3d 916, 918 [2004]). Thus, we take this opportunity to clarify that the often quoted language contained in *Matter of Iacovelli v New York Times Co.* (124 AD2d 324 [1986])—"To rebut this presumption, an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer" (*id.* at 325-326)—should be interpreted to mean, simply, that substantial evidence to the contrary is required to rebut this presumption.

ing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Clark v Oswego County Self Ins. Plan*, 17 AD3d 882, 883 [2005]; *Matter of Pecora v County of Westchester*, 13 AD3d 916, 918 [2004]; *Matter of Bottieri v Travelers Ins., supra* at 1102; *Matter of Ford v Unity House of Troy, supra* at 719). As the record contains substantial evidence to support the Board's factual conclusion that the pressures encountered by claimant, while understandably considerable, were not greater than those experienced by his peers during the time in question, the Board's determination to deny his claim on this ground will not be disturbed (*see Matter of Bottieri v Travelers Ins., supra* at 1102; *see also Matter of Clark v Oswego County Self Ins. Plan, supra* at 883). Thus, despite the unrefuted proof of causation, the dispositive factual determination of the Board which we affirm is that claimant did not sustain a compensable accident (*see Matter of Pecora v County of Westchester, supra*; *see also Matter of Leggio v Suffolk County Police Dept.*, 96 NY2d 846, 847 [2001], *revg on dissenting mem below* 245 AD2d 897, 899 [1997] [Mercure, J.]; *Matter of Clark v Oswego County Self Ins. Plan, supra*).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.