■ In the Matter of the Claim of STEVEN M. TAMES, Respondent, v NEW YORK MEDICAL COLLEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 192]—

Peters, J. Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed June 28, 2004 and March 29, 2005, which ruled that claimant sustained a causally related occupational disease and awarded workers' compensation benefits, and (2) from an amended decision of said Board, filed May 18, 2005, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant was the Director of Adolescent Medicine at New York Medical College (hereinafter employer) in the early 1980s. Claimant alleged that when his original supervisor was replaced six or seven years later, he began to work 75 to 100 hours a week to fulfill his numerous responsibilities, which included teaching, research, writing grants and additional administrative duties. In 1994, claimant became Director of Pediatrics at an affiliated hospital which added to his work load. From that time, claimant developed an ulcer and began to experience depres-

sion, inordinate weight gain and suicidal ideation. From 1991, claimant was also being investigated for medical malpractice, which ultimately led to his suspension in June 1996 and eventual license revocation. In January 1996, claimant was forced by his employer to see psychiatrist Edward Holtzman. Holtzman diagnosed claimant with major depression, secondary suicidal ideation and morbid obesity. Claimant took a personal leave and eventually resigned as a result of his "continuing illness."

The instant claim was filed in early 1998. The employer and its workers' compensation carrier collectively controverted the claim. Following a series of hearings, the Workers' Compensation Board, by decision dated June 28, 2004, determined that claimant sustained a compensable occupational disease and attributed 50% of claimant's injuries to the investigation regarding the medical malpractice charges and 50% to stress-related problems at his job with the employer. In March 2005, the Board amended its decision to address the issue of whether the work-related stress was legally sufficient to produce this type of disease and it concluded that it was. The Board again amended its decision on May 18, 2005 and found that claimant did not sustain an occupational disease, but an accidental injury compensable under the Workers' Compensation Law. The employer and carrier now appeal from these three decisions; these appeals have been consolidated by order of this Court.

We reject any claim that the Board was without authority to change the theory upon which claimant became eligible for workers' compensation benefits. "By statute . . . the Board has continuing jurisdiction over matters presented before it and may modify prior decisions on its own initiative in the interest of justice" (*Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 840-841 [2001]; *see* Workers' Compensation Law § 123), including "changing the theory of the claim from occupational disease to accidental injury" (*Matter of Steinhauser v Ontario County*, 289 AD2d 851, 852 [2001]). No prejudice can be demonstrated as the result of this finding due to the nature of claimant's allegations and the fact that the carrier itself initially raised the theory of accident and ultimately referred to that theory during its summation at the first hearing (*compare Matter of Leventer v Yeshiva of Flatbush*, 257 AD2d 903, 905 [1999]). For these reasons, laches will not bar the claim (*see Matter of Holloway v West St. Trucking*, 14 AD3d 816, 817 [2005]).

For an accidental injury to be compensable under the Workers' Compensation Law, it must have arisen both "out of" and "in the course" employment (Workers' Compensation Law § 2 [7]; *see Matter of Pinto v Southport Correctional Facility*, 19

AD3d 948, 949 [2005]). Here, the carrier submitted a narrative report from its medical expert, Norman Weiss, apportioning 50% of claimant's injury to the medical malpractice investigation and 50% to stress related problems at claimant's job with his employer. While Holtzman opined that 100% of claimant's injury was a direct consequence of his employment, Weiss's report constitutes the requisite substantial evidence to support the Board's finding. Further recognizing that " 'a claim for work-related stress cannot be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment' " (*Matter of Pinto v Southport Correctional Facility, supra* at 950-951, quoting *Matter of Spencer v Time Warner Cable,* 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Clark v Oswego County Self Ins. Plan,* 17 AD3d 882, 882-883 [2005]), claimant's testimony highlighted that his stress emanated from his multiple job responsibilities. With the record further supporting the Board's determination that the carrier failed to present evidence on this issue, there exists no basis upon which we would disturb the Board's factual determination (*see Matter of Abdallah v New York City Dept. of Transp.,* 279 AD2d 723, 724 [2001]; *Matter of Marillo v Cantalician Ctr. for Learning,* 263 AD2d 719, 720 [1999]).

Moreover, the Board properly found that Workers' Compensation Law § 2 (7) does not bar this claim since there was no proof that claimant was subject to any personnel decision involving a disciplinary action, work evaluation, job transfer, demotion or termination (*see Matter of DePaoli v Great A & P Tea Co.,* 94 NY2d 377, 380 [2000]); the disciplinary proceeding undertaken by the State Board for Professional Misconduct did not fall into this category.

We have reviewed and rejected the employer's and carrier's remaining contentions, including a claim alleging a denial of due process (*see Matter of Scheriff v Wichmann Co., Inc.,* 18 AD3d 1060, 1062 [2005]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision and amended decisions are affirmed, without costs.