■ In the Matter of the Claim of SUSAN GUESS, Appellant, v FINGER LAKES AMBULANCE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [812 NYS2d 393]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 31, 2005, which ruled that claimant did not suffer an accidental injury arising out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was employed as a paramedic when, in February 2002, she was the first to arrive at the scene of an accident in which a man had been run over by a trash compacter truck at a landfill. The victim's torso had been nearly severed, but despite awareness of his impending death, he conversed and joked with claimant. Claimant later learned details about the victim's life, and shortly after learning of his death, she began to experience unusual reactions when reminded of the incident. Claimant eventually became unable to continue working as a paramedic. At a hearing on her claim for workers' compensation benefits, experts for claimant and her employer agreed that she suffered from posttraumatic stress disorder that was precipitated by the February 2002 incident. The workers' compensation law judge found an accidental injury, notice and causation, and continued the case. Upon the employer's administrative appeal, the Workers' Compensation Board disallowed the claim, finding that the stress created by the February 2002 incident "did not exceed the work-related stress that could occur in the normal work environment of claimant." Claimant appeals.

It is well established that a mental injury precipitated solely by psychic trauma may be compensable in workers' compensation (*see Matter of Wood v Laidlaw Tr.*, 77 NY2d 79, 84 [1990]; *Matter of Wolfe v Sibley, Lindsay & Curr Co.*, 36 NY2d 505, 510 [1975]; *Matter of Haydel v Sears, Roebuck & Co.*, 106 AD2d 759, 760 [1984]). To constitute an accidental injury within the meaning of Workers' Compensation Law § 2 (7), a claimant must demonstrate that the stress that caused the claimed mental injury "was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Clark v Oswego County Self Ins. Plan*, 17 AD3d 882, 883 [2005]; *Matter of Charlotten v New York State Police*, 286 AD2d 849, 850 [2001]). The factual finding of the Board with respect to whether the stress actually

experienced by claimant exceeded the normal levels of stress in the work environment will be upheld if supported by substantial evidence in the record (*see Matter of Pinto v Southport Correctional Facility,* 19 AD3d 948, 951 [2005]; *Matter of Clark v Oswego County Self Ins. Plan, supra* at 883; *Matter of Pecora v County of Westchester,* 13 AD3d 916, 918 [2004]). Here, there was evidence in the record that claimant and similarly situated workers in her work environment were routinely exposed to traumatic events and, thus, the determination of the Board will not be disturbed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.