Lahtinen, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 6, 2012, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers’ compensation benefits.
Claimant, a patrol officer for the East Greenbush Police Department, was on duty in January 2009 when he was called to the scene of an incident in which an armed suspect was firing shots at passing motorists and law enforcement officers. Claimant and two fellow officers were then assigned to be part of a “contact team,” which approached the shooter from behind. With claimant acting as a spotter, the suspect was shot several times and died from those wounds. After claimant began to miss work on a regular basis in January 2010, he filed an application for workers’ compensation benefits, which was controverted by his employer. Thereafter, he was diagnosed with posttraumatic stress disorder related to the January 2009 incident, which rendered him disabled. Following a hearing, a Workers’ Compensation Law Judge denied the claim, finding that the events giving rise to claimant’s injury were part of his job description and responsibilities as a peace officer. On appeal, the Workers’ Compensation Board affirmed in a split decision. Upon an application for further review, the full Board affirmed the decision. Claimant now appeals.
We affirm. For a mental injury premised on work-related *1006 stress to be compensable, “the stress must be greater than that which usually occurs in the normal work environment” (Matter of Charlotten v New York State Police, 286 AD2d 849, 849 [2001]; see Matter of Guess v Finger Lakes Ambulance, 28 AD3d 996, 997 [2006], lv denied 7 NY3d 707 [2006]). Whether the stress experienced by a claimant is more than that normally encountered is a factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence (see Matter of Brittain v New York State Ins. Dept., 107 AD3d 1340, 1341 [2013]; Matter of Charlotten v New York State Police, 286 AD2d at 849). Here, although claimant’s supervisor described the particular circumstances of the encounter as “extraordinary,” the regular course of duty for a police officer — no matter the size of the department — requires that he or she be on notice each day that deadly force may be required to subdue a suspect who is endangering public safety. Accordingly, we decline to disturb the Board’s decision (see Matter of Guess v Finger Lakes Ambulance, 28 AD3d at 998; Matter of Charlotten v New York State Police, 286 AD2d at 850; see generally Matter of Taylor v Regan, 103 AD2d 884, 884 [1984]).
Peters, EJ., Stein and Egan Jr., JJ, concur. Ordered that the decision is affirmed, without costs.