Matter of Spillers v Health & Hosp. Corp. (2024 NY Slip Op 01748)

Matter of Spillers v Health & Hosp. Corp.

2024 NY Slip Op 01748

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

534701
[*1]In the Matter of the Claim of Mark K. Spillers, Appellant,
v
Health & Hospital Corp., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Mark K. Spillers, Brooklyn, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, Brooklyn (Michael J. O'Sullivan of counsel), for Health & Hospital Corp., respondent.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 10, 2022, which ruled that claimant did not sustain a causally-related psychological injury and disallowed his claim for workers' compensation benefits.
Claimant, a senior rehabilitation counselor for the self-insured employer, a municipal hospital, filed multiple claims for workers' compensation benefits. In February 2015, he filed a claim contending that he suffered from depression, psychosis and posttraumatic stress disorder as a result of an incident on December 3, 2013 where he alleged he was verbally assaulted by a coworker. Claimant continued to work for the employer for another year. However, he ceased to work in December 2014, after another claim was established for injuries to his neck, back and left hip as well as consequential adjustment disorder, stemming from a March 2007 workplace accident. As a result of that 2007 claim, claimant was granted disability retirement in March 2015 and classified as permanently partially disabled. The employer controverted the February 2015 claim and, following a November 2020 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of major depression and posttraumatic stress disorder based upon medical reports from claimant's treating psychiatrist. The employer declined to seek an independent medical examination of claimant, and the matter was continued for claimant and the employer to produce witnesses to address whether timely notice was given and the causal relationship between the alleged injury and a workplace accident. At the December 15, 2020 hearing, claimant proceeded pro se and testified to a history dating back to 2011 of conflict with the same coworker whom he alleged assaulted him in December 2013. Claimant testified about documented complaints regarding perceived harassment by the coworker and submitted documentary evidence in support of his testimony. Claimant also testified as to his belief that the employer had conspired to terminate his employment. No other witnesses testified.
At the conclusion of the hearing, the WCLJ disallowed the claim. The WCLJ noted that the coworker "may not have been an exemplary employee" and that the record included indications that the coworker "could be verbally abusive" and "possibly made threats to other people." However, the WCLJ did not find claimant's account of the December 2013 incident credible. Rather, the WCLJ noted the history of conflict between claimant and the coworker and found that the December 2013 dispute did not amount to a workplace accident. Upon administrative appeal, the Workers' Compensation Board affirmed, deferring to the WCLJ's credibility determinations and adopting his factual findings. Claimant appeals.
To the extent that claimant's contention that he was not afforded due process during these proceedings is properly before us, those assertions are not supported by the record. With regard to a May 2020 decision [*2]by the Board, wherein the Board affirmed a WCLJ decision resolving certain psychiatric bills in the employer's favor, we note that claimant did not seek judicial review therefrom. Nevertheless, were we to review that decision, we would find no error. At the time that decision was issued, there had not been a finding of prima facie medical evidence in the instant claim. As a result, the WCLJ directed claimant's psychiatrist to resubmit the bills through the 2007 claim, which had already been established for consequential psychological injuries, and claimant was not prejudiced by that decision (see Workers' Compensation Law § 13 [a]; Matter of Sequino v Sears Holdings, 206 AD3d 1408, 1409-1410 [3d Dept 2022]). Claimant's argument that he was deprived of the opportunity to produce his treating psychiatrist is likewise belied by the record. At the close of the November 2020 hearing, claimant was advised that, by the next hearing date, he would be required to provide the psychiatrist's availability to testify; at the next hearing, claimant failed to do so, and he did not request further time in which to do so. Under these circumstances, the Board did not abuse its discretion in finding that claimant waived his right to produce such testimony (see Matter of Delaney v John P. Picone, Inc., 215 AD3d 1108, 1112-1113 [3d Dept 2023]).[FN1] As the record reflects that claimant was afforded the "opportunity to be heard at a meaningful time and in a meaningful manner" (Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 469 [2014] [internal quotation marks and citations omitted]), his contention that he was denied due process is without merit (see Matter of Narine v Two Bros. for Wholesale Chicken Inc., 198 AD3d 1040, 1044 [3d Dept 2021]; Matter of Schuss v Delta Airlines, Inc., 120 AD3d 850, 852 [3d Dept 2014]).
Turning to the merits of the claim, "[f]or a [psychological] injury premised on work-related stress to be compensable, a claimant must demonstrate that the stress that caused the claimed [psychological] injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017] [internal quotation marks and citation omitted]; see Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283-1284 [3d Dept 2020]). In applying this standard to determine whether a compensable workplace accident has occurred, "the Board must consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Anderson v City of Yonkers, ___ AD3d ___, 2024 NY Slip Op ___, ___ [3d Dept 2024] [decided herewith]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its [*3]determination will not be disturbed when supported by substantial evidence" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201-1202 [3d Dept 2023]). "Upon review, we defer to the Board's credibility assessments" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018] [citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d 998, 999 [3d Dept 2023]).
Here, claimant testified that, in December 2013, the coworker verbally assaulted him and caused him to fear for his life. However, the Board did not credit his account, noting that claimant had a history of disputes with the coworker and, when things began to escalate, the employer responded appropriately by investigating the incident, removing the coworker from claimant's work environment and, ultimately, terminating the coworker's employment. Deferring to the Board's credibility determinations, we find that the record as a whole supports the conclusion that the December 2013 incident amounted to an ordinary dispute among coworkers to which the employer appropriately responded, and that the incident was not so improper or extraordinary so as to constitute a workplace accident under the Workers' Compensation Law (see Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1365 [3d Dept 2016]; Matter of Clark v Oswego County Self Ins. Plan, 17 AD3d 882, 883 [3d Dept 2005]; compare Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1135-1136).
As substantial evidence supports the Board's determination, it will not be disturbed. Claimant's remaining contentions have been considered and found to be without merit.
Lynch, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Notably, the claim was disallowed on the dispositive, nonmedical issue that no workplace accident occurred and, thus, was not affected by the absence of medical evidence to establish causation (see e.g. Matter of Ford v Unity House of Troy, 292 AD2d 717, 719 [3d Dept 2002], lv denied 98 NY2d 610 [2002]).