Matter of Badzio v New York City Health & Hosps. Corp. (2025 NY Slip Op 04062)

Matter of Badzio v New York City Health & Hosps. Corp.

2025 NY Slip Op 04062

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-24-0400
[*1]In the Matter of the Claim of Marianna Badzio, Appellant,
v
New York City Health and Hospitals Corporation et al., Respondents. Workers' Compensation Board, Respondents.

Calendar Date:May 29, 2025

Before:Garry, P.J., Clark, Lynch, Reynolds Fitzgerald and McShan, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 29, 2024, which ruled that claimant did not sustain a causally-related accidental injury and denied her claim for workers' compensation benefits.
Claimant, a nurse for the employer for 14 years, had arthroscopic surgery on her right knee on August 26, 2022 and did not return to work. On September 1, 2022, she had surgery on her right shoulder to repair a rotator cuff tear. Claimant filed a claim for workers' compensation benefits on September 15, 2022 alleging that she had sustained causally-related injuries to her right shoulder, right knee and left wrist as a result of repetitive use of those body parts while performing her job duties, which the employer controverted. Following the submission of medical records and reports from claimant's treating physicians, and a hearing at which only claimant testified, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that claimant did not meet her burden of establishing that her injuries were the result of an occupational disease. On claimant's administrative appeal, the Workers' Compensation Board affirmed, concluding that claimant had not demonstrated that she had sustained causally-related accidental injuries. Claimant appeals.
We reverse. The record establishes that claimant sought recovery for an occupational disease to her right shoulder, right knee and left wrist. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Kretunski v Citywide Envtl. Servs. LLC, 233 AD3d 1218, 1218-1219 [3d Dept 2024] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 2 [15]; Matter of Song v City of N.Y. Dept. of Bldgs., 232 AD3d 1005, 1006 [3d Dept 2024]). The WCLJ disallowed the claim, finding that claimant had failed to meet the burden to establish an occupational disease, because she had not shown "a unique feature of [her] employment that led to the claimed injuries." Although the Board decision recognized that as the basis for the WCLJ's disallowance of the claim, it then went on to consider the claim under a different standard. Specifically, the Board affirmed the denial of the claim because it found that claimant had failed to establish that she sustained an accidental injury at work (see Matter of Mazayoff v A.C.V.L. Cos., Inc., 53 AD3d 890, 891 [3d Dept 2008]). The Board provided no explanation for applying the different standard, and the record does not reveal that it provided the parties with any notice of its intent to do so (see Workers' Compensation Law § 123; see e.g. Matter of Tames v New York Med. Coll., 27 AD3d 917, 918 [3d Dept 2006]).[FN1] As the Board applied the incorrect standard to the instant claim, we remit this matter for the Board to consider whether [*2]claimant established that she suffered a causally-related occupational disease to her right shoulder, right knee and left wrist (see Matter of Kretunski v Citywide Envtl. Servs. LLC, 233 AD3d at 1218-1219).
In light of this determination, claimant's remaining contentions have been rendered academic.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Neither the employer/carrier nor the Board appeared on appeal.