■ In the Matter of the Claim of MURIAL MULHOLLAND, Appellant, v. NEW YORK STATE DEPARTMENT OF PUBLIC WORKS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed March 19, 1969, denying claimant benefits. Appellant's husband was employed as an engineer for the New York State Department of Public Works at Delhi, New York. For several weeks he had been nervous and concerned about an experimental meeting which was to be held in his office on June 1, 1965 with foremen from his area. Approximately one week prior thereto he was informed that the area over which he had charge would be required to release important materials from its inventory stockpile. Apparently he felt that it would be necessary to falsify certain information to prevent dissipation of the stockpiled goods. On June 1, prior to the time of the meeting, decedent experienced an acute back pain for which he was immediately hospitalized. He expired that afternoon from coronary arteriosclerosis and congenital hypoplasia. Appellant contends that the emotional stress arising from decedent's anticipation of the meeting and his dilemma over the stockpile issue was a causal factor in his fatal coronary occlusion and that she is therefore entitled to an award. It is well established that a claim of accidental injury precipitated

by emotional strain will not be upheld unless the strain involved is " 'greater than * * * [that] to which all workers are occasionally subjected without untoward result.' " (*Matter of Nicotera* v. *Dorn's Transp.*, 30 A D 2d 735.) The tension to which decedent was subjected falls visibly short of the enunciated standard and involved no more stress and strain than that experienced in the ordinary wear and tear of life. (*Matter of Weinstein* v. *Apex Dress Co.*, 25 N Y 2d 947.) Since the board's determination that no accident within the meaning of the Workmen's Compensation Law occurred is supported by substantial evidence, its determination must be sustained (*Matter of Nicotera* v. *Dorn's Transp.*, supra). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.