In the Matter of David L. Rackley, Respondent, v County of Rensselaer, Appellant. Workers' Compensation Board, Respondent.

Third Department, November 3, 1988

APPEARANCES OF COUNSEL

*Sullivan, Rehfuss, Cunningham & Brennan (John J. Cunningham* of counsel), for appellant.

*Robert Abrams, Attorney-General (Jane Lauer Barker, Theresa E. Wolinski* and *Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

MERCURE, J.

After approximately five years of employment as a caseworker with the Rensselaer County Department of Social Services, claimant was suspended without pay and served with a list of charges relative to his conduct and job performance. Shortly thereafter, he came under the care of Dr. Arlene Reed-Delaney, a psychiatrist, and filed a claim for workers' compensation benefits, alleging mental stress as a compensable injury. The employer controverted the claim and a hearing was conducted before an Administrative Law Judge (hereinafter ALJ). The ALJ dismissed the claim, finding that the record did not contain evidence of "any particular event which would cause [claimant] to have a psychic trauma" or that claimant "had any different experiences than any other social workers" at the Department of Social Services and concluding that claimant's psychiatric problems were not work related. The Workers' Compensation Board reversed the ALJ, finding that claimant sustained a chronic depression which culminated in his disablement as a result of the heavy case load he maintained in his employment. The self-insured employer appeals.

We reject the contention that the record fails to support the Board's finding of accident arising out of and in the course of employment. Contrary to the position taken by the ALJ and apparently rejected by the Board, a mental injury need not be caused by a discrete, identifiable psychic trauma, as in *Matter of Chernin v Progress Serv. Co.* (9 NY2d 880 [cab driver struck pedestrian]) or *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (36 NY2d 505, 510 [employee found her immediate supervisor in a pool of blood following his suicide]) in order to be compensable. There is no question that emotional stress extending over a period of months, in the absence of a "specific precipitant", will support a finding of accidental physical injury *(see, Matter of Snyder v New York State Commn. for Human Rights,* 31 NY2d 284, 286; *Matter of Klimas v Trans Caribbean Airways,* 10 NY2d 209; *Matter of Schechter v State Ins. Fund,* 6 NY2d 506). The determination to permit compensation for psychological injury caused by psychic trauma was nothing more than a melding of prior decisions which recog-

nized psychic trauma producing physical injury and physical impact producing psychological injury as compensable. As a result, psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury *(see, Matter of Schechter v State Ins. Fund, supra,* at 509-510).

Further, a determination of psychic accident may be made even though the underlying cause is common to all similarly employed and adversely affects claimant only because of his peculiar vulnerability. As this court stated in *Matter of Hennige v Fairview Fire Dist.* (99 AD2d 158, 159), "[i]f the hazard seeks out the susceptible, who are few in number among the work force, and passes by the greater, though all perform the same work under the same conditions, the victim may have sustained an accident * * * within the meaning of the Workers' Compensation Law". *(See also, Matter of Wolfe v Sibley, Lindsay & Curr Co., supra.)* The case of *Matter of Mulholland v New York State Dept. of Pub. Works* (34 AD2d 1083) is overruled to that extent.

Claimant's testimony, which the Board was entitled to credit in its entirety *(see, Matter of Hawthorne v Peartrees, Inc.,* 56 AD2d 961, *affd* 43 NY2d 683; *see also, Matter of Levine v United Parcel Serv.,* 124 AD2d 381, 382), was that his work was frustrating and stressful, that his supervisor treated him differently than the other caseworkers and gave him less credit, that his co-workers harassed him and treated him with a lack of respect, that he was given an assignment which required home visits even though a physical problem made driving difficult, and that he was given a case load designed to "burn him out". This, combined with the medical testimony of Reed-Delaney, provides substantial evidence to support the Board's finding, notwithstanding the conflicting medical opinion of the employer's expert *(see, Matter of Levine v United Parcel Serv., supra).* Accordingly, the decisions of the Board should be affirmed in all respects.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Decisions affirmed, without costs.