■ In the Matter of the Claim of MICHAEL F. CERAMI, Appellant, v ROCHESTER CITY SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed March 27, 1987, which ruled that claimant's benefit claim was untimely filed.

The instant claim, filed in September 1980, emanates from claimant's employment as a cosmetology instructor during the 1966-1967 academic year. Essentially, claimant maintains that conditions at work precipitated a mental breakdown. Workers' Compensation Law § 28 requires that a claim for compensation benefits be filed within two years after the accident. Claimant maintains that this two-year period was tolled by virtue of his mental incompetency, as provided by Workers' Compensation Law § 115. The Workers' Compensation Board, however, concluded that claimant was mentally capable of filing a claim during the relevant time frame, and thus had no recourse to the tolling provisions of section 115. In so ruling, the Board specifically emphasized the testimony of Dr. Howard Leve and Dr. Melvin Pisetzner. While ordinarily the Board's assessment of the medical evidence controls, a serious question exists here as to how the Board construed the testimony of these two psychiatrists. Specifically, the Board found Leve "felt claimant was competent to file a workers' compensation claim in 1967". As to Pisetzner, the Board concluded that "he felt claimant had been aware of his legal rights and could pursue them". A close reading of the transcripts con-

firms that the Board's conclusions do not comport with the testimony cited.

The record firmly establishes that claimant has long suffered from a condition of mental illness, generally diagnosed as paranoid schizophrenia (see, People v Cerami, 33 NY2d 243). The consensus of medical testimony indicates that this condition did not prevent claimant from filing a claim for workers' compensation. This conclusion, however, is not determinative. The question is not simply whether claimant was capable of filing a claim, but whether claimant was able to comprehend the premise for his claim, i.e., that the conditions at work occasioned or contributed to his psychiatric problems (see, Matter of Rackley v County of Rensselaer, 141 AD2d 232). On this distinction, the Board's assessment of the medical testimony is misleading. Pisetzner testified that claimant was capable of filing a claim, but cautioned that he was incapable of acknowledging his illness. According to Leve, claimant was capable of filing legal claims in 1967, but has never been aware of his mental illness. Leve explained "[a]s far as [claimant] is concerned, there is no mental illness, and there is no need to file any claim for mental illness". Notably, Dr. William Libertson, who examined claimant in 1970 only days after he fatally shot his former supervisor, opined that claimant had been in a florid state of paranoid schizophrenia for three years prior to the shooting and was unable to comprehend his illness. These seemingly incongruous conclusions are consistent with a condition of paranoia, and beg the question as to how claimant could have filed a timely claim for psychological injury if he was mentally incapable of recognizing the existence of such a condition.

In the final analysis, the medical evidence is overwhelming that claimant was not mentally capable of filing a workers' compensation claim to recover for employment-induced mental illness. To the extent the Board relied on Pisetzner and Leve for medical confirmation of competency, its reliance was misplaced. These witnesses may have confirmed that claimant was able to file a claim, but not one for mental illness. We recognize that the Board also based its determination "on the entire record". In this sense, it is important to recognize that claimant did pursue other legal remedies during the relevant two-year time frame. He also asserted an "insanity" defense in the criminal proceeding (People v Cerami, 33 NY2d 243, supra). These actions, however, do not alter the fact that claimant was mentally incapable of acknowledging his own mental illness. In view of claimant's continuing mental inca-

pacity, we find that the claim was timely presented *(see,* Workers' Compensation Law § 115).

The question thus becomes whether claimant sustained a compensable injury. Employment-induced psychological injury is unquestionably compensable *(Matter of Rackley v County of Rensselaer, supra).* The Workers' Compensation Law Judge (hereinafter WCLJ), however, found that claimant's condition was not causally related to his employment. While the Board affirmed the WCLJ's decision without discussing the question of causation, we observe that claimant properly raised this issue in his application for review by the Board, thus preserving it for our consideration *(see,* Workers' Compensation Law § 23; *compare, Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 132-133).[1] On our review of the record, we find abundant, virtually unanimous medical testimony confirming that claimant's work experience was a contributing cause of his mental illness.[2] The WCLJ's determination to the contrary is simply not supported by substantial evidence in the record. Accordingly, we find that claimant is entitled to compensation benefits and remit the matter to the Board for a proper assessment.

Decision reversed, with costs against the employer, claim for compensation benefits granted and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

1. In requesting Board review of the September 19, 1984 WCLJ's decision, claimant's attorney, by letter of October 3, 1984, specifically addressed the issue of causation, i.e., "the psychological injury [claimant] sustained during his employment with the City School District". Moreover, in his preliminary remarks to the Board during the February 27, 1986 hearing, claimant's attorney specifically requested review, *inter alia,* "on a finding of no causally related disability". The Board's March 27, 1987 decision further confirms that the causation issue was preserved for review.

2. We particularly emphasize the following testimony as to the causal relationship between claimant's mental illness and his employment experience with the Rochester City School District. Leve testified, "I believe that his experiences with the City School District have contributed to the development of the illness." Dr. Joseph Marion testified, "I say it [claimant's personality disorder] was related to the City School District incident." Pisetzner testified that claimant's work experience "was one of the factors that precipitated the onset of the florid state". He further explained "it is clear to me that the stress at work was indeed one of the factors that precipitated the florid episode".