■ In the Matter of the Claim of BARBARA KALISKI, Respondent, v FAIRCHILD REPUBLIC COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed June 22, 1988, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

Claimant was employed by Fairchild Republic Company installing wiring in airplanes. On February 16, 1985, claimant was involved in an argument with Martha White, a co-worker, over the return of a heat gun which claimant had loaned to White. During this argument, which took place in the work area in the presence of a number of other employees, White allegedly made disparaging racial remarks and taunted claimant concerning her inability to have children. It was known by most employees that claimant was unable to conceive and had adopted a child. Claimant maintains that she was upset and traumatized by this encounter with White. A few weeks later another argument erupted between claimant and White when the two bumped into each other near the time clock. Claimant stopped working on April 4, 1985 and was diagnosed by her doctor as suffering from anxiety depression. She later consulted a psychiatrist who found her to be dysfunctionally depressed.

Claimant filed a claim for workers' compensation benefits alleging that her depression was caused by the incidents with White. After hearings, a Workers' Compensation Law Judge disallowed the claim, finding that disputes with co-workers "are not unusual in the ambience of the work place" and that the incidents relied on by claimant were not severe enough to cause debilitating psychic injury. On application for review, a Workers' Compensation Board panel reversed and found the claim compensable. The matter was then reviewed by the full Board, which modified some language and otherwise affirmed the panel decision in favor of claimant. This appeal by the employer ensued.

On appeal, the employer contends that the Board erred as a matter of law in ruling that claimant sustained an accidental injury arising out of and in the course of her employment. In support of this argument, the employer contends that the stress claimant was subjected to was not more than that normally encountered in a work environment. Such a determination, however, is a factual issue for the Board to resolve (see, Matter of Black v Metropolitan Tobacco, 71 NY2d 989, 990; Matter of Loh Lin v Burroughs Corp., 75 AD2d 702, 703,

*lv denied* 50 NY2d 805). Accordingly, our review is limited to whether there is substantial evidence to support the determination *(see, Matter of Brown v Alos Micrographics Corp.,* 150 AD2d 888). There is ample evidence in the record to support the Board's finding that White's statements to claimant, and in particular the remark concerning claimant's infertility, "constituted more than the usual irritations and differences to which all workers are occasionally subjected". The fact that claimant was particularly sensitive about her infertility does not undermine the Board's decision *(see, Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505, 510; *Matter of Rackley v County of Rensselaer,* 141 AD2d 232, 234). Nor do we find the Board's decision erroneous in light of evidence which indicates that claimant had suffered from anxiety in the past. The Board was free to find that claimant's encounters with White precipitated a latent condition or aggravated a preexisting emotional instability *(see, Matter of Tobin v Steisel,* 64 NY2d 254, 259). Accordingly, we affirm the Board's decision awarding benefits.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.