■ In the Matter of the Claim of NICHOLAS VELAZQUEZ, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY et al, Appellants. WORKERS' COMPENSATION BOARD, Respondent. —Casey, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 26, 1988.

In an amended decision, the Workers' Compensation Board found: "that claimant, who had a nondisabling mental condition, sustained anxiety and depression due to continuous

stress imposed by negative workplace reaction to his religious beliefs and history of mental illness, and that he suffered an accident arising out of and in the course of employment on May 30, 1985 when his placement on involuntary leave due to alleged mental unfitness aggravated this mental state to the point that he could not return to work." The employer argues that the placement of claimant on a medical leave of absence could not constitute an accident within the meaning of the Workers' Compensation Law.

In *Matter of Haydel v Sears, Roebuck & Co.* (106 AD2d 759, 760) we said: "Mental injury precipitated solely by psychic trauma is compensable as a matter of law * * * when the circumstances constitute an 'accident' within the meaning of the Workers' Compensation Law * * *. Our review is limited to whether there is substantial evidence to support the finding of the board". To be compensable, a mental injury need not be caused by a discrete, identifiable psychic trauma, but can result from emotional stress extending over a period of months *(Matter of Rackley v County of Rensselaer,* 141 AD2d 232, *appeal dismissed* 74 NY2d 791). An injury may be accidental within the meaning of the Workers' Compensation Law even though the hazard is common to all similarly employed, seeking out the few who are susceptible and passing by the greater *(Matter of Hennige v Fairview Fire Dist.,* 99 AD2d 158, 159). Not all mental injuries suffered on the job, however, are compensable *(Matter of Everett v A.S. Steel Rule Die Corp.,* 106 AD2d 181, *affd* 66 NY2d 683), since the record in each case must be considered "in light of the commonsense viewpoint of the average man" *(Matter of Wolfe v Sibley, Lindsay & Curr Co.,* 36 NY2d 505, 511).

Applying these principles to the case at bar, we conclude that the Board's decision must be affirmed. Claimant testified as to what he perceived as continuous harassment from fellow employees, including his supervisor, and the stress resulting therefrom. There is also evidence of a prior mental condition, and claimant's expert testified that claimant was temporarily disabled due to stress and anxiety created by the harassment and claimant's placement on involuntary leave status. Claimant's expert also testified that claimant was more vulnerable to the job-related stress and anxiety than others might be due to his preexisting mental condition. Although the evidence is far from compelling, we cannot say that it is so lacking in probative value as to render the Board's decision unsupported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-182).

Amended decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.