■ In the Matter of the Claim of JANET L. SMITH, Respondent, v STEUBEN COUNTY HIGHWAY DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [604 NYS2d 352] — Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1992, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

We reject the employer's contention that there is not substantial evidence in the record to support the determination that sexual discrimination and harassment levied against claimant at work precipitated an anxiety neurosis disorder, constituting an accidental injury. Claimant, qualified as a motor equipment operator but employed as a flagger, testified that she was the only woman on the job and was a frequent target of ridicule and belittlement. She related incidents where co-workers exposed themselves to her, used crude language, made obscene gestures, stole her property and tampered with her food and beverages. Claimant's treating physician testified that claimant suffers from anxiety neurosis with physical manifestations and both he and the workers' compensation physician opined that claimant's impairment is causally related to her employment. We have repeatedly held that psychological or nervous injury precipitated by psychic trauma is compensable, even when the cause adversely affects a claimant only due to her own particular sensitivity (see, e.g., Matter of Greene v Freihofer Baking Co., 180 AD2d 980; Matter of LaMendola v Butler, 179 AD2d 862; Matter of Velazquez v Triborough Bridge & Tunnel Auth., 156 AD2d 922, 923; Matter of Kaliski v Fairchild Republic Co., 151 AD2d 867, 868, affd on mem below 76 NY2d 1002; Matter of Rackley v County of Rensselaer, 141 AD2d 232, lv dismissed 74 NY2d 791). The contention that claimant had a preexisting history of psychological illness does not further the employer's position (see, Matter of Friedman v NBC Inc., 178 AD2d 774, 776) and whether claimant was subjected to undue or excessive stress is a factual issue for the determination of the Workers' Compensation Board (see, Matter of LaMendola v Butler, supra; Matter of Kaliski v Fairchild Republic Co., supra).

Cardona, White, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.