■ In the Matter of the Claim of ANNE LEGGIO, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [666 NYS2d 815] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 5, 1996, which, *inter alia*, ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was employed by the Suffolk County Police Department (hereinafter the employer) as a 911 operator and, in conjunction therewith, was required to work rotating shifts. Although claimant apparently worked under such conditions without incident for a number of years, she began experiencing problems in 1985 and 1986, which eventually resulted in three separate psychiatric admissions. Claimant returned to her job following the first two hospitalizations but was unable to do so after her last admission and permanently left her employment in December 1986.

Claimant thereafter filed a claim for workers' compensation benefits contending that her departure from employment was caused by work-related stress, and the employer controverted the claim asserting that claimant's condition was due to her preexisting multiple sclerosis. Ultimately, the Workers' Compensation Board ruled, *inter alia*, that claimant did not sustain an accidental injury or suffer from an occupational disease within the meaning of the Workers' Compensation Law and, hence, denied her claim for benefits. This appeal by claimant ensued.

This Court repeatedly has held that " '[m]ental injury precipitated solely by psychic trauma is compensable as a matter of law * * * when the circumstances constitute an "accident" within the meaning of the Workers' Compensation Law' " (*Matter of Velazquez v Triborough Bridge & Tunnel Auth.*, 156 AD2d 922, 923, quoting *Matter of Haydel v Sears, Roebuck & Co.*, 106 AD2d 759, 760; *see, Matter of Smith v Steuben County Highway Dept.*, 199 AD2d 590; *Matter of Greene v Freihofer Baking Co.*, 180 AD2d 980). In this regard, "a mental injury need not be caused by a discrete, identifiable psychic trauma, but can result from emotional stress extending over a period of months" (*Matter of Velazquez v Triborough Bridge & Tunnel Auth., supra*, at 923; *see, Matter of Rackley v County of Rensselaer*, 141 AD2d 232, 233, *lv dismissed* 74 NY2d 791) and may be found even in instances where the cause adversely affects the claimant due only to his or her particular sensitivities (*see, Matter of Smith v Steuben County Highway Dept., supra; Matter of Greene v Freihofer Baking Co., supra*).

Here, although acknowledging the uncontroverted medical evidence establishing a causal link between claimant's diagnosed depression and the conditions under which she was required to work, the Board nevertheless concluded that claimant did not sustain an accidental injury within the meaning of the Workers' Compensation Law because the stress to which claimant was exposed was no greater than that normally

encountered in the workplace. Although we recognize that such an inquiry constitutes a factual issue for the Board to resolve (*see, Matter of Kaliski v Fairchild Republic Co.*, 151 AD2d 867, *affd* 76 NY2d 1002), our review of the record compels us to conclude that the Board's findings in this regard simply are not supported by substantial evidence. Given claimant's clear and unequivocal testimony, and absent any testimony from claimant's co-workers or supervisors regarding their typical work environment, there was no basis for the Board to conclude that the stress encountered by claimant was no greater than that routinely occurring in the normal work environment (*compare, Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635-636 [conflicting testimony offered by the claimant and his supervisors as to the source of the claimant's disabling condition and the level of stress present in the workplace]). In light of this conclusion, we need not address the remaining issues raised by claimant on appeal, including whether the Board erred in finding that she did not suffer from an occupational disease.

Mikoll, J. P. and Yesawich Jr. JJ., concur.

Mercure, J. (dissenting). Because we conclude that there is substantial evidence to support the determination of the Workers' Compensation Board that claimant did not sustain an accidental work-related injury, we are constrained to dissent. In this case, there is no dispute concerning the aspect of claimant's employment that brought about her mental injury—her treating psychiatrist specifically identified her "place[ment] on differential shifts" as the cause. It is also undisputed that all of the employer's 911 operators worked the same rotating shift schedule as claimant. Under the circumstances, there was no need to take testimony from any of claimant's co-workers (*compare, Matter of Loh Lin v Burroughs Corp.*, 75 AD2d 702, 703, *lv denied* 50 NY2d 805). To the contrary, the specific causative factor having been identified, it merely remained for the Board to resolve the factual issue of whether it subjected claimant to stress exceeding that "normally encountered in a work environment" (*Matter of Kaliski v Fairchild Republic Co.*, 151 AD2d 867, *affd* 76 NY2d 1002). In our view, considering the widespread implementation of rotating shift schedules in the workplace, there is ample support in the record for the Board's finding that claimant did not sustain an accidental injury. Finally, we conclude that the Board was correct in its determination that claimant did not sustain an occupational disease within the meaning of the Workers' Compensation Law (*see, Matter of Hennige v Fairview Fire Dist.*, 99 AD2d 158, 159). We would accordingly affirm the Board's decision.

Peters, J., concurs.

Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.