■ In the Matter of the Claim of CURTIS M. BOONE, Respondent, v ORANGE STEEL ERECTORS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [711 NYS2d 355] —Cardona, P. J. Appeal from an amended decision of the Workers' Compensation Board, filed October 7, 1998, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant allegedly injured his back while working as an iron worker for the employer. He filed a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge found, *inter alia*, that claimant sustained an accidental injury to his back on May 6, 1996. On appeal, the Workers' Compensation Board affirmed that decision. Upon further review, the Board issued an amended decision which, *inter alia*, rescinded that portion of the Workers' Compensation Law Judge's decision establishing May 6, 1996 as the date of the accident and ruled that claimant sustained the injury on May 7, 1996. This appeal by the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) ensued.

In his claim for workers' compensation benefits, claimant indicated that his injury occurred on May 6, 1996 while lifting iron at a project located in the Village of Pawling, Dutchess County. At the hearing, however, he testified that his injury occurred on May 7, 1996 at the Pawling project while he was working with another employee, David Dickinson, erecting a staircase. He stated that he was in the process of lifting a heavy piece of steel when he felt his lower back "give" and experienced pain resulting in a lower back injury. The medical reports admitted into evidence failed to provide detail concerning the circumstances of the accident; however, the hospital admission report, dated May 13, 1996, indicated that claimant sustained the injury to his back six days earlier.

Claimant's supervisor, Theodore Smith, testified that he

worked with claimant installing a staircase at the Pawling project on May 3, 1996 and claimant did not complain of any injury to his back. In addition, he stated that he worked with claimant on May 7, 1996 at a project at Dominican College which did not entail erecting stairs. Smith related that he also worked with claimant on May 6, 1996 at the Dominican College project but, when it rained, they went to an indoor project at Bar Laboratories which, like the Pawling project, entailed erecting a staircase. He stated that claimant did not complain of problems lifting. Dickinson indicated that he worked with claimant on May 6, 1996 installing a stairway at Bar Laboratories and claimant did not complain of a back injury. Contrary to claimant's testimony, Dickinson stated that he did not work with claimant at the Pawling project.

In its decision, the Board found "the claimant's testimony to be credible, and that either the accident occurred as he described on May 7, 1996, or that the foremen were correct that the claimant's work that day did not entail working on a set of stairs on a roof in Pawling, New York." The Board further noted that "[i]f the latter is correct, we find that the claimant's testimony is nonetheless credible that he suffered an accident working for the employer on May 7, 1996, and that he was honestly confused between the work he was doing on that date and the work he had done a few days earlier." In our view, the Board's decision cannot be affirmed. Considering the proof in this record and the Board's amended decision, it is not clear how claimant injured himself, the date of the occurrence or at what job site. If claimant's injury did not occur as he described, which the Board acknowledges is a possibility, then there is insufficient evidence in this record establishing how the injury occurred. Since the issue at hand concerns whether claimant sustained an accidental injury in the course of his employment, we find a lack of substantial evidence to support the Board's decision (*see, e.g., Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, *lv denied* 83 NY2d 757; *Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864). While we are cognizant of the deference to be accorded the Board's assessment of witness credibility, we cannot adhere to the dissent's view that substantial evidence supports the Board's decision herein absent more compelling proof that claimant was, in fact, injured while performing work for the employer. In view of our disposition, we need not address the employer's remaining claims.

Mercure, Graffeo and Mugglin, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. Heedful that

the Workers' Compensation Board's assessment of the credibility of witnesses and the inferences to be drawn therefrom will be determinative if supported by substantial evidence (*see, Matter of Grucza v Waste Stream Technology*, 252 AD2d 901; *Matter of Billings v Dime Sav. Bank*, 236 AD2d 649), I do not find the record here so lacking as to warrant our intrusion into that domain.

Claimant's testimony, found wholly credible by the Board, detailed that he engaged in strenuous physical activity on behalf of this employer on May 3, May 6 and May 7, 1996. Admitting to a loss of memory due to the effects of medication necessitated by the injury which is the subject of this claim, he described the work at the site in the Village of Pawling, Dutchess County, consistent with that of Theodore Smith, one of the employer's supervisors. Smith testified that although the job continued for a long period of time and that he was only there on one day working with claimant, the job required that a set of iron stairs, weighing 150 to 160 pounds, be manually carried and installed on a roof. Claimant testified that as he was doing so, he felt his back give out. Claimant recalled only having worked with a supervisor named Dave Dickerson and recounted that when he mentioned to Dickerson that he hurt his back, Dickerson said to finish the job.

Smith testified that he was the only supervisor working with claimant on that date, however, and did not recall whether claimant injured himself. Smith also testified that he worked with claimant during the relevant period at Bar Laboratories where they, along with Dickerson, put in another set of metal stairs, confirmed by Dickerson to weigh between 100 to 180 pounds. While testimony by Dickerson denied that he was in charge at such time or that claimant reported his injury to him when putting in those stairs, Janet Mann, the employer's administrative assistant, testified that had claimant been injured as he claimed, Dickerson would have been required to fill out an accident report and assist in an investigation. Moreover, claimant's medical records clearly support the conclusion that he suffered an accident between May 3, 1996 and May 7, 1996 that aggravated a preexisting nondisabling back condition.

The majority, mischaracterizing Dickerson's lack of memory as a positive declaration that claimant did not inform him or complain of a back injury, found that the failure to identify the precise manner in which "claimant injured himself, the date of the occurrence or at what job site" relegated the Board's determination as unsupported. With no evidence indicating that

claimant worked for any other employer during this time and medical records confirming the onset of the injury during a period when his employment entailed lifting extreme amounts of weight, I cannot find that the inability "to pinpoint the exact date on which the incident occurred" (*Matter of Cortese v Rochester Prods. Div.*, 91 AD2d 802, 803) is fatal. The Board adopted claimant's documentary and testimonial evidence while rejecting the inconsistent testimony of the employer's interested witness (*see, Matter of Lewis v Cambridge Filter Corp.*, 132 AD2d 802, *appeal dismissed* 70 NY2d 871, *lv denied* 71 NY2d 805). "[B]ear[ing] in mind that it is not the role of this Court to weigh the conflicting proof or to substitute its judgment with respect to the inferences that may be drawn therefrom * * * [notwithstanding the] fact that other evidence in the record would have supported a contrary conclusion" (*Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874 [citations omitted]), I find the Board's determination to be properly supported.

Accordingly, I would affirm.

Ordered that the amended decision is reversed, without costs, and claim dismissed.