■ In the Matter of the Claim of Mariano Espino, Appellant, v Louis J. Solomon, Inc., et al., Respondents. Workers' Compensation Board, Respondent. [832 NYS2d 109]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 18, 2005, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed September 19, 2005, which denied claimant's request for reconsideration or full Board review.

On July 14, 2003, claimant, a warehouse worker for a company that imports furniture, submitted a claim for workers' compensation benefits which alleged that he sustained an occupational disease to his left knee and lower back on July 9, 2003 as a result of the repetitive movement associated with his position. His employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted that claim, indicating on a C-2 form submitted to the Workers' Compensation Board on August 7, 2003 that claimant was never injured during the course of his employment but, rather, he was terminated for insubordination and poor job performance on July 9, 2003. A hearing was held before a Workers' Compensation Law Judge (hereinafter WCLJ) on May 12, 2004, at which time claimant testified that his injury occurred on June 20, 2003 while he was attempting to load a wall unit—which weighed between 400 and 500 pounds—onto a truck. Two of claimant's coworkers, allegedly involved in moving the wall unit at the time that claimant was injured, were present and prepared to testify at the hearing. However, because no witnesses were present to testify on behalf of the employer, the

WCLJ determined that claimant's uncontroverted testimony was sufficient to establish a work-related injury on June 20, 2003, found the claim to be compensable and awarded him benefits. Additionally, the WCLJ's notice of decision emphasized the unexplained absence of any witness for the employer and denied the employer a further opportunity to present testimony.

The employer's subsequent application for review of the WCLJ's decision included an explanation for the absence of its witness. The Workers' Compensation Board, however, concluded that testimony from the employer's witness was unnecessary and, based primarily upon inconsistencies between claimant's testimony and the forms he filed for benefits regarding the date and nature of his injury, the Board reversed the decision of the WCLJ and disallowed the claim. Claimant's request for reconsideration or full Board review of that determination was denied by the Board, prompting this appeal.

Notwithstanding the deference accorded the Board's assessment of witness credibility, we are unconvinced that the instant record contains substantial evidence supporting its decision (*see Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *lv dismissed* 2 NY3d 823 [2004]; *Matter of Boone v Orange Steel Erectors*, 273 AD2d 629, 630 [2000], *lv denied* 95 NY2d 769 [2000]). Despite the opportunity to develop a more complete, and, thus, more reliable record, neither the Board nor the WCLJ took advantage of available and relevant witness testimony. Furthermore, while it is certainly within the Board's province to underscore the significance of claimant's initial failure to properly designate his injury as the result of an accident on a specific date, as opposed to an occupational disease, the Board here based its decision on conflicting evidence as to when and how claimant was injured and ignored the uncontroverted evidence that he was injured during the course of his employment (*see Matter of Flannery v Nassau County Police Dept.*, 26 AD3d 678, 679 [2006]; *compare Matter of Peng Kim v Community Living Corp.*, 253 AD2d 911, 912 [1998], *lv denied* 93 NY2d 802 [1999]). Notably, the employer's medical consultant conceded that claimant's alleged injury might well have occurred as a result of a work-related incident on June 20, 2003. Inasmuch as the instant record lacks evidence sufficient to rebut the presumptions afforded an employee by Workers' Compensation Law § 21, we must reverse (*see eg. Matter of Camino v Chappaqua Transp.*, 19 AD3d 856, 856-857 [2005]).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.