Matter of DiMeo v Trinity Health Corp. (2023 NY Slip Op 02731)

Matter of DiMeo v Trinity Health Corp.

2023 NY Slip Op 02731

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

535739 
[*1]In the Matter of the Claim of Maria DiMeo, Appellant,
v
Trinity Health Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ. 

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Walsh and Hacker, Albany (Kelly B. Dean of counsel), for Trinity Health Corporation and another, respondents.

Reynolds Fitzgerald, J.
Appeal from an amended decision of the Workers' Compensation Board, filed June 24, 2022, which ruled, among other things, that claimant did not sustain a causally-related injury and disallowed the claim.
Claimant worked as an outpatient physical therapist aide performing light duty work due to a prior injury. In July 2020, during an interaction with her supervisor regarding a potential switch in her assignment, claimant became visibly upset and began experiencing shortness of breath, chest pains, sweating and nausea. She left work and, ultimately, went to the emergency room where she was admitted and diagnosed with having a myocardial infarction, i.e., a heart attack. Thereafter, claimant filed a workers' compensation claim, asserting that she suffered a myocardial infarction as a result of work-related stress. Following a hearing, a Workers' Compensation Law Judge established the claim. The Workers' Compensation Board, in a decision filed April 7, 2021 and an amended decision filed June 24, 2022, reversed and disallowed the claim, finding, among other things, that claimant did not sustain a physical injury.[FN1] Claimant appeals.
We agree with claimant's contention that the Board's decision is not supported by substantial evidence as its finding that claimant did not sustain a physical injury is inconsistent with the medical evidence as well as its own finding that claimant sustained a myocardial infarction. The sole medical evidence presented was that from Leslie Parikh, a cardiologist who treated claimant at the emergency room. Parikh testified unequivocally that claimant was diagnosed as suffering a myocardial infarction based upon the elevated troponin levels in claimant's blood, which was consistent with a stress event on the heart, and opined that the heart attack was causally-related to claimant's interaction with her supervisor at work. Based on this uncontroverted evidence, the Board, in fact, found that claimant suffered a myocardial infarction causally-related to work.
The Board, nevertheless, found that claimant did not sustain a physical injury, characterizing the incident as claimant having been "in mild emotional distress and . . . experience[ing] a stress event."[FN2] This is contrary to the unrefuted and unequivocal medical evidence and diagnosis that claimant suffered a myocardial infarction. When questioned, Parikh testified that, although a catheterization revealed no heart blockage and an echocardiogram the following day revealed normal heart function, claimant, indeed, suffered a heart attack, not a "mild emotional distress" event as characterized by the Board. The fact that there was no evidence on the echocardiogram test the following day of heart dysfunction does not negate the fact that an injury in fact occurred. A myocardial infarction, in and of itself, constitutes a physical injury (see generally Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d 1314, 1315 [3d Dept 2016]; Matter of Geed v Sullivan County Sheriff's [*2]Dept., 266 AD2d 594, 595 [3d Dept 1999]; Matter of Greenbaum v MKI Sec., 189 AD2d 986, 986 [3d Dept 1993]; Matter of Hamilton v Transport Workers Union of Greater N.Y., Local 100, 21 AD2d 434, 436 [3d Dept 1964], affd 16 NY2d 696 [1965]) — which is consistent with the Board's prior precedent (see Employer: AFSCO Fence Supply Co., Inc., 2010 WL 5775073, *1-3, 2010 NY Wrk Comp LEXIS 267, *1-8 [WCB No. G011 3117, Dec. 31, 2010]; Employer: Ipro 1979 Marcus Ave. New Hyde Park NY 11042-1002, 1999 WL 810277, *2 [WCB No. 2960 9037, Sept. 23, 1999]). The extent of the damage caused by the myocardial infarction relates to the extent of the disability and not whether the claim for a physical injury causally-related to work has been established. In view of the unrefuted medical evidence that a myocardial infarction was sustained, "we are unconvinced that the instant record contains substantial evidence supporting [the Board's] decision" (Matter of Espino v Louis J. Solomon, Inc., 38 AD3d 1050, 1051 [3d Dept 2007]). The Board's decision disallowing the establishment of the claim upon a finding that there was no physical injury outright contradicts the uncontroverted diagnosis that a myocardial infarction injury was sustained. As such, the Board's decision must be reversed.
Aarons, J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the amended decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Board found that the claim was not barred by Workers' Compensation Law § 2 (7) as the claim was not brought for a psychic injury but for a physical injury caused by emotional stress.

Footnote 2: To be clear, the Board found that the claim was not brought for a psychic injury but for a physical injury caused by emotional stress — a finding that is not challenged on appeal.