Matter of Anderson v City of Yonkers (2024 NY Slip Op 01755)

Matter of Anderson v City of Yonkers

2024 NY Slip Op 01755

Decided on March 28, 2024

Appellate Division, Third Department

Clark, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

535958

[*1]In the Matter of the Claim of Melissa Anderson, Appellant,
v
City of Yonkers, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 10, 2024

Before: Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for City of Yonkers, respondent.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 22, 2022, which ruled, among other things, that claimant did not sustain a compensable injury and disallowed her claim for workers' compensation benefits.
Due to the COVID-19 pandemic, school districts throughout New York closed their school buildings in March 2020 and engaged in remote instruction through the conclusion of the 2019-2020 school year. Pursuant to the employer's policy for the 2020-2021 school year, claimant, a second-grade school teacher with a past medical history of asthma and bronchitis, returned to work in person at her assigned school building on September 7, 2020; the students continued to attend classes remotely at that time. On or about September 21, 2020, claimant was informed that another teacher at the school had tested positive for COVID-19, prompting the temporary closure of the school building. Claimant began feeling ill on or about September 23, 2020 but tested negative for COVID-19 on that date. On October 1, 2020, claimant returned to work in person, but she became increasingly anxious in anticipation of the students' return to the building, which was scheduled to occur on Monday, October 5, 2020. She did not return to work after October 2, 2020.
Claimant filed a claim for workers' compensation benefits in October 2020, alleging that, during the course of her employment, she experienced a dangerous exposure to COVID-19 and that, as a result thereof, she sustained psychological injuries, with a date of injury of October 5, 2020. The employer and its third-party administrator controverted the claim on various grounds. Following a prehearing conference, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that prima facie medical evidence had been submitted for major depressive disorder and generalized anxiety disorder and continued the case for additional testimony. Following additional hearings and the submission of medical deposition testimony, the WCLJ disallowed the claim, finding, among other things, that "the conditions that . . . claimant is claiming are the result of the stress that was no greater than that which occurred in the normal work environment." Upon administrative appeal, the Workers' Compensation Board affirmed, finding that claimant failed to demonstrate that the stress she experienced in the workplace was greater than that experienced by similarly situated teachers. Claimant appeals.
On appeal, claimant argues that, in cases involving exposure to the COVID-19 virus, the Board applies disparate burdens to claimants seeking compensation for a physical injury as compared to those seeking compensation for a psychological injury, in violation of the principle that "psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury" (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505, 510 [1975]; see Matter of Wood v Laidlaw Tr., 77 NY2d 79, 82 [1990[*2]]; Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d 998, 998-999 [3d Dept 2023]).[FN1] When seeking workers' compensation benefits, a claimant must establish "by competent medical evidence, a causal relationship between an injury and his or her employment" (Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of DiMeo v Trinity Health Corp., 216 AD3d 1349, 1350 [3d Dept 2023]; Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023]). Additionally, "[f]or a [psychological] injury premised on work-related stress to be compensable, a claimant must demonstrate that the stress that caused the claimed [psychological] injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d 1132, 1134 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Rivenburg v County of Albany, 187 AD3d 1282, 1283-1284 [3d Dept 2020]). To resolve claimant's contention, we must initially determine whether the principle adopted in Matter of Wolfe requires that an equal burden be imposed upon claimants seeking benefits for purely psychological injuries as that imposed on claimants seeking benefits for physical injuries, or whether it merely ensures that both types of injuries are similarly compensable under the Workers' Compensation Law.
The principle enunciated by the Court of Appeals in Matter of Wolfe that psychological injuries are "compensable to the same extent" as physical injuries is premised on two considerations (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510). The first consideration focuses on the fact that the occurrence of any specific stress-based injury — be it a physical injury such as a heart attack or a psychological injury such as depression — varies based on an individual's "particular vulnerability" (id.). Nevertheless, where an individual becomes "incapable of functioning properly because of a[ workplace] accident," that injury should be compensable pursuant to the Workers' Compensation Law (id.), concentrating the inquiry not on the type of injury but on its cause. As to the second consideration, Matter of Wolfe highlights that contemporary tort law recognizes the compensability of purely psychological injuries caused by psychological stress, finding that there should be "no reason for limiting recovery . . . to cases involving physical impact" as "[t]here is nothing talismanic about physical impact" (id.; see generally Battalla v State of New York, 10 NY2d 237, 239-242 [1961]; Ferrara v Galluchio, 5 NY2d 16, 20-22 [1958]). The Court of Appeals also restated that workers' compensation determinations should not be viewed subjectively, lest liability be extended indefinitely; rather, claims must be reviewed "in light of the commonsense viewpoint of the average [person]" (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 [*3]NY2d at 511). Based on its express considerations, the Matter of Wolfe principle aims to ensure that claims for purely psychological injuries are compensable similarly to claims for physical injuries. However, Matter of Wolfe also expressly considers that the "determinative factor" on whether a workplace accident will cause a purely psychological injury or a physical injury "is the particular vulnerability of an individual by virtue of his [or her] physical makeup" (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510; see Matter of Wood v Laidlaw Tr., 77 NY2d at 82-83). Further, the Court of Appeals has since recognized that Matter of Wolfe aligned the burden imposed on individuals claiming a causally-related purely psychological injury with that imposed on individuals claiming a causally-related physical injury (see Matter of DePaoli v Great A & P Tea Co., 94 NY2d 377, 379-380 [2000]). This view is also consistent with the long-recognized principle that the Workers' Compensation Law is remedial in nature and should "be construed liberally to accomplish [its] economic and humanitarian objects" (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145 [1976]; see Matter of Gomez v Board of Mgrs. of Cipriani, 213 AD3d 1096, 1098 [3d Dept 2023]).
As the burden placed on individuals seeking benefits for psychological injuries is no higher than the burden placed on those seeking benefits for physical injuries, we must clarify how the psychological injury standard should be applied. In requiring that "a claimant must demonstrate that the stress that caused the claimed [psychological] injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1134 [internal quotation marks and citations omitted]), we recognize that injuries, whether physical or psychological, resulting from "the ordinary wear and tear of life" are not compensable under the Workers' Compensation Law (Matter of Levitan v American Socy. for Technicon, 114 AD2d 578, 580 [3d Dept 1985]; see Matter of McCormick v Green Bus Lines, 29 NY2d 246, 248 [1971]; Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d 1314, 1316 [3d Dept 2016]; cf. Matter of Simpson v New York City Tr. Auth., 151 AD3d 1160, 1161 [3d Dept 2017]). Rather, "only accidental injuries arising out of and in the course of employment" are compensable (Workers' Compensation Law § 2 [7]). To determine whether a workplace accident has occurred — i.e., whether the stressor was greater than other similarly situated workers experienced in the normal work environment — the Board must consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental (see e.g. Matter of Leggio v Suffolk County Police Dept., 96 NY2d 846, 846 [2001]; Matter of Rivenburg v County of Albany, 187 AD3d at 1284; Matter of Lanese v Anthem [*4]Health Servs., 165 AD3d 1373, 1373 [3d Dept 2018]; Matter of Laib v State Ins. Fund, 101 AD3d 1279, 1279 [3d Dept 2012]; Matter of Guess v Finger Lakes Ambulance, 28 AD3d 996, 997-998 [3d Dept 2006], lv denied 7 NY3d 707 [2006]; Matter of Demir v Taxi & Limousine Commn., 272 AD2d 789, 790 [3d Dept 2000]), or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental (see e.g. Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1136-1137; Matter of Cox v Saks Fifth Ave., 130 AD3d 1236, 1237 [3d Dept 2015]; Matter of Brittain v New York State Ins. Dept., 107 AD3d 1340, 1341-1342 [3d Dept 2013]; Matter of Smith v Albany County Sheriff's Dept., 82 AD3d 1334, 1334-1335 [3d Dept 2011], lv denied 17 NY3d 770 [2011]; Matter of Kaliski v Fairchild Republic Co., 151 AD2d 867, 867-868 [3d Dept 1989], affd for reasons stated below 76 NY2d 1002 [1990]). Evidence regarding other similarly situated workers should likewise be used to inform the Board's understanding of a claimant's normal work environment and the reasonable expectations therein, as well as the claimant's job duties and expectations, as ordinary psychological stressors and expectations may reasonably vary within the same work environment among different jobs (see e.g. Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022] [stating that probation officers overseeing sex offenders expectedly experience different stressors than probation officers in general]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 797-798 [3d Dept 2009, Garry, J., dissenting] [recognizing that the workplace expectations of a correction officer may vary from those of a nonpenal correction facility employee], appeal dismissed 13 NY3d 899 [2009]; Matter of Pinto v Southport Correctional Facility, 19 AD3d 948, 950-951 [3d Dept 2005] [referencing expectations of a teacher at a maxi-maximum security facility]).[FN2]
The Board should, however, be careful not to apply the experiences of other similarly situated workers to diminish its requisite consideration of an individual claimant's particular vulnerabilities. Whether presented with a physical injury or a psychological injury, "a preexisting condition will not preclude the claimant from obtaining relief where it is demonstrated that the claimant's employment exacerbated the condition in such a manner as to cause a disability which did not previously exist" (Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1135 [internal quotation marks and citations omitted]; see Matter of Cush v Tully Constr. Co. Inc., 217 AD3d 1017, 1018 [3d Dept 2023]; Matter of Mallette v Flattery's, 111 AD3d 989, 990 [3d Dept 2013]; Matter of Lagona v Starpoint Cent. School, 50 AD2d 236, 238 [3d Dept 1975], affd 40 NY2d 1034 [1976]). Put another way, "a determination of [psychological] accident may be made even though the underlying cause is common to all similarly employed and adversely affects claimant [*5]only because of his [or her] peculiar vulnerability[;] . . . [even where a] hazard seeks out the susceptible, who are few in number among the work force, and passes by the greater, though all perform the same work under the same conditions, the victim may have sustained an accident within the meaning of the Workers' Compensation Law" (Matter of Rackley v County of Rensselaer, 141 AD2d 232, 234 [3d Dept 1988] [internal quotation marks, ellipsis and citation omitted], lv dismissed 74 NY2d 791 [1989]; see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510; Matter of Smith v Steuben County Highway Dept., 199 AD2d 590, 590 [3d Dept 1993]; Matter of Kaliski v Fairchild Republic Co., 151 AD2d at 868). Indeed, in reviewing the standard applied to stress-based injuries prior to Matter of Wolfe — which standard [FN3] is substantially similar to the modern standard enunciated herein — we recognized that it was necessary to overrule the prior standard to the extent that it failed to take into account the requisite consideration of an individual claimant's particular vulnerabilities (see Matter of Rackley v County of Rensselaer, 141 AD2d at 234; see also Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510). Ultimately, as with a physical injury, the determination of whether a purely psychological injury is compensable will often turn on whether a causal connection exists between the claimed injury and a workplace accident (see Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510; see also Matter of Kilcullen v AFCO/Avports Mgt. LLC, 138 AD3d at 1316; Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [3d Dept 2014]; see generally Matter of Rackley v County of Rensselaer, 141 AD2d at 233-234).
In clarifying the manner in which our standard for examining claims for purely psychological injuries should be interpreted and applied, we note that it remains "the claimant's burden to establish that the subject injury arose out of and in the course of the employment and, further, [to] demonstrate, by competent medical evidence, the existence of a causal connection between the injury and the employment" (Matter of Aungst v Family Dollar, 221 AD3d 1222, 1223-1224 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Gaspard v Queens Party Hall Inc., 189 AD3d 1880, 1880-1881 [3d Dept 2020], lv denied 36 NY3d 912 [2021]; see also Workers' Compensation Law § 21). Determining "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence . . . [—] a minimal standard [that] demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d 1201, 1201-1202 [3d Dept 2023]). When [*6]reviewing medical evidence, the Board is vested with the discretion to resolve conflicting medical opinions, accepting or rejecting them in whole or in part, and, even where contrary medical evidence is not presented, the Board remains free to disregard or reject any evidence it finds insufficient or incredible (see Matter of Freyta v Calvin Maintenance Inc., 220 AD3d 1036, 1038 [3d Dept 2023]; Matter of Barden v General Physicians PC, 198 AD3d 1060, 1062 [3d Dept 2021]). On appeal, we accord the Board's credibility determinations considerable deference (see Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d at 999; Matter of Permenter v WRS Envtl. Servs. Inc., 172 AD3d 1837, 1839 [3d Dept 2019]; Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1378 [3d Dept 2016]).
Considering the general principles attendant to the psychological injury standard, we return our attention to claimant's assertion that, in the context of COVID-19, the Board applies disparate burdens to claimants seeking benefits for contracting the virus — a physical injury — as compared to those seeking benefits for psychological injuries alleged to stem from exposure to the virus in the workplace. When examining claims arising from communicable diseases, precedent recognizes that exposure to such communicable disease at the workplace may constitute an accident within the meaning of the Workers' Compensation Law, and the widespread nature of such disease will not operate to make such exposure an ordinary part of the normal work environment (see Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 133-137 [1975] [holding that a correction officer's exposure to incarcerated individuals with tuberculosis constituted an accident]; Matter of McDonough v Whitney Point Cent. School, 15 AD2d 191, 192 [3d Dept 1961] [discussing a teacher's exposure to students with mumps during a mumps epidemic as accidental]; Matter of Gardner v New York Med. Coll., 280 App Div 844, 844 [3d Dept 1952] [recognizing that a nurse's exposure to poliomyelitis through another nurse's sneeze constituted an accident despite the common occurrence of sneezing], lv denied 305 NY 583 [1953]; see also Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d 129, 137 [1994] [finding that an office worker's smoke inhalation may constitute an accident despite smoke's relatively endemic nature in society at the time]). Indeed, when presented with claims for contraction of COVID-19, a physical injury, the Board has adopted the rule that "a claimant may meet his or her burden to show that an injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202; see e.g. Employer: OP Car Service Inc., 2023 WL 4937860, *5-6, 2023 NY Wrk Comp LEXIS 603[*7], *10-12 [WCB No. G290 4181, Jan. 27, 2023]; Employer: Montefiore Medical Ctr., 2022 WL 1603029, *5-6, 2022 NY Wrk Comp LEXIS 2580, *12-14 [WCB No. G273 1635, May 11, 2022]; see also Matter of Pierre v ABF Frgt., 211 AD3d at 1285).[FN4] Yet, when presented with a psychological injury claim by a public-facing worker, such as here, the Board finds that, "given the circumstances surrounding a global pandemic," exposure to COVID-19 constitutes "the new normal," leading to the rejection that such exposure could constitute a workplace accident (see e.g. Employer: New York State Dept of Corr & Community Supervision, 2022 WL 2389000, *6, 2022 NY Wrk Comp LEXIS 3268, *16-17 [WCB No. G273 1190, June 27, 2022]; Employer: Mabstoa, 2022 WL 1509974, *5, 2022 NY Wrk Comp LEXIS 2310, *13 [WCB No. G290 6632, April 27, 2022]; but see Employer: NYC Transit Auth., 2022 WL 886607, *3-5, 2022 NY Wrk Comp LEXIS 1516, *8-12 [WCB No. G280 8482, Mar. 17, 2022] [granting a psychological injury claim stemming from exposure to COVID-19 for a non-public-facing worker]). This incongruity operates to disallow claims for psychological injuries but allow claims for physical injuries stemming from the same "elevated risk of exposure constituting an extraordinary event" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202), violating the principle that where an individual becomes "incapable of functioning properly because of a[ workplace] accident," that injury — whether physical or psychological — should be compensable pursuant to the Workers' Compensation Law (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 510; see Matter of DePaoli v Great A & P Tea Co., 94 NY2d at 380).[FN5] Certainly, if the Board creates a special rule allowing claimants alleging physical injuries from exposure to COVID-19 to meet their burden of showing that an injury arose in the course of employment, it must also apply such a rule to claimants alleging psychological injuries from exposure to COVID-19. Thus, to establish the necessary parity, we must recognize that, where an injury — physical or psychological — is alleged to have been caused by exposure to COVID-19, "a claimant may meet his or her burden to show that [such] injury arose in the course of employment by demonstrating either a specific exposure to COVID-19 or prevalence of COVID-19 in the work environment so as to present an elevated risk of exposure constituting an extraordinary event" (Matter of Holder v Office for People with Dev. Disabilities, 215 AD3d at 1202; see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev., 84 NY2d at 137; Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d at 136-137; Matter of McDonough v Whitney Point Cent. School, 15 AD2d at 192; Matter of Gardner v New York Med. Coll., 280 App Div at 844; Workers' Compensation Board, COVID-19 & Workers' Compensation Q & A [June 2020], available at http://www.wcb.ny.gov/content/main/TheBoard/covid-19-workers-compensation-q-[*8]a-june-2020.pdf).
As to the claim at hand, given that the Board did not consider claimant's particular vulnerabilities and that it applied a disparate burden in determining whether the alleged psychological injury was caused by a workplace accident, we must remit this matter for reconsideration not inconsistent with the guidance provided herein. On remittal, the Board is tasked with determining whether claimant's proof establishes that she suffered a workplace accident, as relevant here, by proving either a specific exposure to COVID-19 or the prevalence of COVID-19 in her work environment so as to present an elevated risk of exposure constituting an extraordinary event. If claimant establishes the existence of such an accident, then the Board must determine, "in light of the commonsense viewpoint of the average [person]" (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d at 511), and considering claimant's particular vulnerabilities, whether claimant established, by competent medical evidence, a causal connection between the alleged injury and the workplace accident (see e.g. Matter of Kraus v Wegmans Food Mkts., Inc., 156 AD3d at 1136; Employer: NYC Transit Auth., 2022 WL 886607 at *5, 2022 NY Wrk Comp LEXIS 1516 at *11-12).
To the extent not expressly addressed herein, claimant's remaining contentions are either rendered academic or lack merit.
Lynch, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The terms "mental injury," "psychological injury," "psychic injury" and "psychiatric injury" are used interchangeably in the relevant case law.

Footnote 2: The Legislature, recognizing that certain first responders are expected to be routinely exposed to extraordinary stress in their normal work environment, removed the "ordinary wear and tear" hurdle that would require a first responder claiming a purely psychological injury to establish that the stress that caused such injury was "greater than that which usually occurs in the normal work environment" (Workers' Compensation Law § 10 [3] [b], as added by L 2017, ch 59, § 1, part NNN, § 1, subpart I, § 1; see e.g. Matter of Reith v City of Albany, 200 AD3d 1460, 1461-1463 [3d Dept 2021]; compare Matter of Guess v Finger Lakes Ambulance, 28 AD3d at 997-998 [finding, prior to the amendment, that recovery was precluded because a paramedic's work environment involves routine exposure to traumatic events]).

Footnote 3: Under that standard, "a claim of accidental injury precipitated by emotional strain will not be upheld unless the strain involved is greater than that to which all workers are occasionally subjected without untoward result" (Matter of Mulholland v New York State Dept. of Pub. Works, 34 AD2d 1083, 1083-1084 [3d Dept 1970] [internal quotation marks, ellipsis, brackets and citation omitted]).

Footnote 4: Significantly, "[a] claimant may demonstrate prevalence through evidence of the nature and extent of work activities, which must include significant contact with the public and/or co-workers in an area where COVID-19 is prevalent. Public-facing workers and workers in . . . highly prevalent COVID-19 environments are the workers who can show that the exposure was at such a level of elevated risk as to constitute an extraordinary event" (Employer: OP Car Service Inc., 2023 WL 4937860 at *6, 2023 NY Wrk Comp LEXIS 603 at *13; accord Employer: American Airlines, 2020 WL 5591103, *3, 2020 NY Wrk Comp LEXIS 13593, *7 [WCB No. G281 0516, Sept. 11, 2020]).

Footnote 5: The Legislature may create these categorical distinctions as it chooses. For example, a psychological injury that "is a direct consequence of a lawful personnel decision" is not compensable (see Workers' Compensation Law § 2 [7]; see e.g. Matter of Dockum v Syroco, Inc., 260 AD2d 688, 690 [3d Dept 1999], lv denied 93 NY2d 811 [1999]), but a physical injury stemming from the same lawful personnel decision may result in entitlement to worker's compensation benefits (see e.g. Matter of DiMeo v Trinity Health Corp., 216 AD3d at 1349-1350).