In the Matter of JOHN HAMILTON, Respondent, *v.* TRANSPORT WORKERS UNION OF GREATER NEW YORK, LOCAL 100, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 2, 1964.

*Philip J. Caputo* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Julius L. Meyer* for claimant-respondent.

GIBSON, P. J.  Claimant, a vice-president of the employer labor union, was notified that he was relieved of his responsibility and authority as vice-president pending a hearing upon a charge of disobedience to a directive respecting an unauthorized work stoppage or wildcat strike.  Upon medical examination two days before the hearing, his physician found " acute exacerbation of a chronic bronchitis, emphysema, and bronchiectasis " and advised him to " limit his activities to 3 to 4 hours per day ", all of which the doctor embodied in a letter which claimant exhibited to the officer presiding at the hearing. Nevertheless, the hearing proceeded for about 12 hours, with recesses for lunch and dinner.  Claimant, being denied the right of representation by counsel, conducted his own defense; and the record of the hearing reflects the stresses and pressures which the board found.  At about 4:00 P.M., experiencing chest distress, difficulty in breathing, perspiration and weakness, claimant requested an adjournment but was refused it, and, after a brief respite, the hearing continued until 9:30 P.M., when claimant's symptoms became acute and he left the hearing and

retired to a hotel room where he was attended by a physician. Subsequently, this "acute episode", as his cardiologist termed it, was diagnosed as a myocardial infarction which competent medical proof related to "the severe emotional strain" of the trial and found "a direct result of the stress, during that day." It is now recognized that emotional stress in such degree may cause a compensable accident and disability and may, indeed, be "more devastating than a mere physical injury". (*Matter of Klimas* v. *Trans Caribbean Airways*, 10 N Y 2d 209, 213; and, see, *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 511–512, involving, *inter alia*, the "emotional and physical stresses" of a court trial.) In the case before us, the continuance of the stress of the trial after the initial attack at 4 o'clock served to identify the event as an accident, when shortly followed by the serious coronary condition, associated by medical opinion. (*Matter of Pauson* v. *Manger Vanderbilt Hotel*, 7 A D 2d 686, mot. for lv. to app. den. 5 N Y 2d 710, and cases there cited.)

In any event, however, appellants do not contend that the "undue anxiety, strain and mental stress" and the "events and pressure to which claimant was subjected at the union hearing", found by the board to be causative of myocardial infarction, were legally or factually insufficient to give rise to a compensable accident or to support the board finding; nor did they particularize such a ground in their application for board review (cf. Workmen's Compensation Law, § 23; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646); but they assert, rather, that the record "contains no substantial evidence to sustain and support the Board finding of accidental injury *in the nature of myocardial infarction*" (emphasis supplied) and that, assuming stress, without conceding it, "the real question" is whether it caused an injury, and, if it did, "what is the nature of such 'injury'". Appellants proceed thence to argue that had there been indications, following the August 11, 1960 hearing, of a myocardial infarction, rather than the pulmonary condition first suspected, they would have been "picked up" by one of the physicians some days prior to the first diagnosis, made August 23, 1960, of cardiac damage and, since they were not, that no infarction occurred. There was, however, ample medical proof of the infarction and the board was, of course, entitled to accept it.

Appellants' main contention seems to be that the board erred, as a matter of law, in finding that the accident arose out of and in the course of the employment. In their brief are cited cases in which compensation was denied claimants injured while per-

forming forbidden acts, as in using a rip saw in violation of orders (*Matter of Hyatt* v. *United States Rubber Reclaiming Co.,* 256 N. Y. 571) or smoking, in disobedience of a rule, near highly inflammable materials (*Matter of Boggan* v. *Abby Finishing Co.,* 11 A D 2d 591). Those cases are in no way apposite. Claimant's injury was not caused by his violation of the directive respecting the wildcat strike but by the events of a hearing held, pursuant to the constitution of the international union, by the executive board of the constituent local union — his own employer — with respect to his conduct of his office. It would be difficult to conceive of a situation more closely related to his employment. Although he was suspended, pending trial, from the performance of any of the duties of a vice-president, it is clear from the testimony of the union officer called by appellants that he was not removed from the payroll nor separated from the employment.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, REYNOLDS, AULISI and HAMM, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.