Conklin v Hilltop Nursery & Garden Ctr., Inc. (2024 NY Slip Op 50818(U))

[*1]

Conklin v Hilltop Nursery & Garden Ctr., Inc.

2024 NY Slip Op 50818(U)

Decided on June 28, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 28, 2024
Supreme Court, Westchester County

Mark A. Conklin, Plaintiff,

against
Hilltop Nursery and Garden Center, Inc. and G AND V PROPERTIES, LLC, Defendants.

HILLTOP NURSERY AND GARDEN CENTER, INC. and G AND V PROPERTIES, LLC, Third-Party Plaintiffs, — —
against
GRIFFIN'S LANDSCAPING CORP., Third-Party Defendants.
Index No. 55869/2022

Arnold DiJoseph PC counsel for pltf
Law Offices of Brian Rayhill counsel for deft

Robert S. Ondrovic, J.

In a personal injury action, defendants/third-party plaintiffs Hilltop Nursery and Garden Center, Inc. and G and V Properties, LLC (collectively, defendants) move for an Order pursuant to CPLR 3212 granting summary judgment and dismissing the complaint (Motion Seq. 3).
Papers Considered NYSCEF Doc. Nos. 52-62, 65-71, 74
1. Notice of Motion/Affirmation of Amory Minot, Esq./Exhibits A-H/Statement of Material Facts
2. Affirmation of Arnold DiJoseph, Esq./Exhibits A-D/Memorandum of Law in Opposition/Response to Statement of Material Facts
3. Affirmation of Amory Minot, Esq. in Reply
Discussion
By way of background, plaintiff seeks damages for personal injuries allegedly resulting from a slip and fall on the driveway for the premises located at 2028 Albany Post Road in Croton-on-Hudson on January 30, 2019, between 5:30 a.m. and 6:30 a.m. The driveway is the only means of access onto and off the premises for pedestrians. The premises is operated under the name Hilltop Nursery and Garden Center, Inc. and is owned by G and V Properties, LLC. The premises includes a nursery and apartments. At the time of the incident, plaintiff was a tenant residing at the premises. On the morning of the incident, plaintiff traversed the driveway on foot as he walked toward Dunkin Donuts and upon his return from Dunkin Donuts plaintiff slipped and fell on the driveway. 
The instant complaint alleges that defendants, among other things, "caused, allowed, suffered and permitted an accumulation of snow and ice to remain for an excessive period of time without taking means or exerting efforts to remedy, treat, cover or otherwise abate, mitigate or make safe" the driveway (see complaint at para. 42).[FN1]
The complaint also alleges that defendants had notice of the hazardous condition (id. at para. 43).
After discovery, a Trial Readiness Order was entered, and plaintiff filed the Note of Issue in February 2024. Defendants now move for an Order pursuant to CPLR 3212 granting summary judgment and dismissing the complaint.
In sum, defendants contend that since plaintiff fell early in the morning after an overnight snow/rain event, they owed no duty to clear the driveway of any snow or ice. Defendants point to the Village of Croton-on-Hudson's code (Village Code) section 197-15, which states that snow and ice shall be removed within 12 hours after the end of a snowfall and that sidewalks adjoining commercial establishments and parking lots must be kept clear of snow and ice between the hours of 9:00 a.m. and 5:00 p.m. Defendants argue that no duty lies because plaintiff fell less than 12 hours since the last snowfall and before 9:00 a.m. on the day of the incident, and therefore the complaint must be dismissed.
In support, defendants submit, among other things, plaintiff's bill of particulars and supplemental bill of particulars, a transcript of plaintiff's deposition, the Village Code section 197-15, and a meteorological report describing weather conditions at the premises for January 28-30, 2019. The meteorological report indicates that on January 28, the high temperature was near 33ø F, the low temperature was near 18ø F and there was no precipitation, that on January 29, the high was near 34ø F, the low was near 16ø F, and snow fell from around 8:45-8:55 a.m. to around 6:35 p.m., which turned to rain and snow until 8:00-9:00 p.m. and then rain/freezing rain and snow until around 11:00 p.m., and that on January 30, the high was near 31ø F, the low was near 2ø F, snow fell from around 3:00-3:15 p.m. to 4:30 p.m.
Summary Judgment
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v NY Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Failure to make such [*2]showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad, 64 NY2d at 853). 
Once the prima facie showing has been made, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Zuckerman, 49 NY2d at 562). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat a prima facie showing of entitlement to summary judgment (see Zuckerman, 49 NY2d at 562).
Generally, "absent a statute imposing strict liability, a defendant may not be held liable for creating a dangerous or defective condition upon property unless the defendant had actual, constructive, or imputed knowledge of the danger created" (Walsh v Super Value, Inc., 76 AD3d 371, 372 [2d Dept 2010]). "To constitute constructive notice, a defect must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD2d 436, 436 [2d Dept 2005]). 
Specific to sidewalks, "the owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d 659, 660 [2d Dept 2014] [quoting Bruzzo v County of Nassau, 50 AD3d 720, 721, 854 NYS2d 774 [2008]]]).
Village Code, section 197-15(c) states:
Snow and ice shall be removed from sidewalks within 12 hours after the end of a snowfall. In addition, sidewalks adjoining commercial establishments and commercial parking lots shall be kept free of snow and ice at all times between the hours of 9:00 a.m. and 5:00 p.m.
Here, defendants failed to establish prima facie entitlement to dismissal of the complaint. Defendants failed to establish when the area in question was last inspected prior to the accident (see Britto, 21 AD2d at 436). Defendants also failed to establish that the driveway was free of a dangerous (i.e., icy) condition prior to the January 29 snow/rain event (cf. Moorhead v Hummel, 36 AD2d 682, 683 [4th Dept 1971]).
Although Moorhead involves an appeal of a jury verdict and ultimately resulted in favor of the defendants in a slip and fall action, the logic in the opinion is instructive (36 AD2d 682). In Moorhead, the Appellate Division found that the jury had to make a series of inferences in order to find the defendants liable, which culminated in inferring "that no new ice formed during the snowstorm of March 12 or, if it did, that plaintiff fell on old ice and not the new ice" (id. at 683). The Appellate Division held that the complaint should have been dismissed because defendants presented evidence that the sidewalk in question on the morning of the accident was free of ice, and therefore there was no rational basis on which the jury could have found that plaintiff fell on old ice (see id.).
To be clear, plaintiff testified to an icy condition of the driveway prior to the day of his accident:
Q. That morning, January 30, 2019, do you recall what the weather was like?
A. Freezing cold. Yes. Cold.
Q. Was it snowing at all?
A. It snowed the night before.
Q. Do you recall approximately how much it had snowed the night before?
A. Jesus. It's hard to say. It was icy already and it snowed just a little bit and just made it really  not a good thing.
Q. What I am asking is, if you don't remember how much it snowed —
A. Not exactly, no, no.
Q. Do you recall if it was more than an inch or less than an inch?
A. I would say an inch, yeah (defendants' exh. D, plaintiff's dep. trans. at. 33:3-18 [NYSCEF Doc. 56] [emphasis added]).
* * *
Q. Prior to that morning of January 30, do you recall the last time you had walked along that driveway?
A. I would say the day before.
Q. That day before, do you recall if it was sometime in the morning, the afternoon, or something else?
A. Tuesday  it's got to be afternoon. It has to be afternoon.
Q. When you had walked along the driveway the day before in the afternoon, had it started snowing at that point?
A. No. Not yet, no (id. at 34:9-21 [emphasis added]).
* * *
Q. Was there a time that you did then ultimately fall?
A. Yes, ma'am.
Q. Did you see what caused you to fall?
A. Yeah, that thick of ice, you know (indicating).
Q. When you say that thick of ice, can you say in words what you mean?
A. Yes, because all of the snow and all of the ice that was already there, that already refroze because it was so cold. It was like falling on a rock. Besides, the driveway is hard as rock on top of it (id. at 41:14-42:2 [emphasis added]).
* * *
Q. You mentioned that you had previously walked along the driveway the day before in the afternoon.
A. Yes.
Q. The ice condition that you just described, was it present on the day before, as well?
A. It was icy, but the extra snow made it, you know, like it was (id. at 42:25-43:9 [emphasis added]).
Defendants presented no evidence to find plaintiff's testimony incredible as a matter of law. Assuming the admissibility of the meteorological report,[FN2]
it fails to address the actual condition of the driveway prior to the January 29 snow/rain event because its states that the "report is based on a review of weather data recorded in the vicinity of 2028 Albany Post Road, Croton-On-Hudson, NY 10520" (defendants' exh. G, meteorological report at p. 4 [NYSCEF Doc. 59]). It provides no observations as to the actual driveway surface in question nor does it confirm the absence of conditions prior to two days in advance of the accident that could rule out the possibility of an icy [*3]surface condition preceding the January 29 snow/rain event.
At the end of the day, there remains a triable issue of fact as to the existence of an icy condition on the driveway before the January 29 snow/rain event (see Candalier v New York, 129 AD3d 145, 150-151 [1st Dept 1987] ["Although plaintiff's evidence was sparse as to the length of time the icy condition which caused him to fall had existed, the issue should, nevertheless, have gone to the jury"]).
All other remaining contentions have been considered and are either without merit or rendered moot by the above determination.
Based on the foregoing, it is hereby
ORDERED that defendants' application is DENIED; and it is further
ORDERED that the matter is referred to the Trial Assignment Part for further proceedings to be scheduled by the Clerk for that Part.
Dated: June 28, 2024
White Plains, New York
________________________________________
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:For their part, defendants commenced a third-party action against Griffin's Landscaping Corp. as the contractor responsible for snow and ice removal from the premises.

Footnote 2:Plaintiff correctly contends in opposition, the report is unsworn and otherwise inadmissible (see Hagan v General Motors Corp., 194 AD2d 766, 767-768 [2d Dept 1993]).